POPARAD *v.* INDIANAPOLIS RAILWAYS, INCORPORATED.

[No. 16,732. Filed March 5, 1942. Rehearing denied April 15, 1942. Transfer denied May 7, 1942.]

*Andrew Jacobs* and *Howell Ellis,* both of Indianapolis, and *Claude R. Henry,* of Shelbyville, for appellant.

*Arthur L. Gilliom* and *Elbert R. Gilliom,* both of Indianapolis, for appellee.

STEVENSON, J.—The appellee brought this action to enjoin the appellant as a common carrier from transporting passengers between points wholly within the city limits of Indianapolis.

The complaint alleged and the evidence disclosed the following facts: The Indianapolis Railways, Incorporated, as appellee, for many years has operated a street railway system in the City of Indianapolis as a common carrier, and included as a part of its system

is a street car line, which extends over and along West Washington Street in the City of Indianapolis. This service has been regularly operated along West Washington Street by the appellee and its predecessors for more than thirty years.

On October 3, 1921, the City of Indianapolis passed a general ordinance which provided, among other things, that:

> " 'No person, firm or corporation operating any Jitney under this Ordinance shall receive or discharge passengers upon any street, avenue or roadway upon which there is located any street car track or tracks upon and over which street or interurban cars are regularly operated.' "

This ordinance was re-enacted as a part of the Municipal Code of 1925 and still remains in force. By this ordinance a jitney was defined as:

> "any motor propelled vehicle other than a street car, interurban car, railroad car, or railroad locomotive carrying passengers for hire over the public roadways of the city along a definite or substantially fixed route or routes or between two distinct terminals."

Prior to the effective date of this general ordinance in 1921, the appellant had operated a passenger automobile for hire between Indianapolis and the town of Ben Davis, which lies to the west of Indianapolis, and had operated over and along West Washington Street in traveling between these two points. Prior to that date, he had picked up and discharged passengers on West Washington Street within the city limits and along the street car line as then operated by the appellee's predecessor. When the ordinance became effective in 1921, the appellant quit carrying intracity passengers on West Washington Street but continued to operate

his transportation line over said route from Indianapolis to Ben Davis.

In 1926, the appellant purchased from Elsie Johnson a certificate of convenience and necessity, which certificate was issued pursuant to an order of the Public Service Commission of Indiana under date of June 25, 1925, granting to Elsie Johnson a certificate of convenience and necessity "for the operation of motor vehicles as a common carrier of passengers from Indianapolis, Indiana to Ben Davis, Indiana." This sale was approved by the Public Service Commission, and the appellant has operated under such certificate and other certificates issued to him covering the same streets in the City of Indianapolis, and west to points more distant, since said date and until August, 1937, when this action was instituted.

In August, 1937, the appellee filed this suit against the appellant to enjoin the appellant from operating as a local common carrier of passengers along West Washington Street, within the corporate limits of the City of Indianapolis. The case was submitted to trial, and the court, after hearing the evidence, found for the appellee on its complaint, and entered a judgment and decree whereby the appellant was "permanently enjoined from accepting, transporting and discharging as a common carrier of passengers by motor vehicle any passengers whose such transportation commences and terminates wholly on West Washington Street within the incorporated territory of the City of Indianapolis in the State of Indiana, unless and until the defendant shall hereafter become lawfully authorized so to do."

It is from this judgment that the appellant now appeals, and the only error assigned on appeal is the alleged error in overruling a motion for a new trial

wherein the sufficiency of the evidence to support the decision is questioned.

The appellant contends, under the assignment of error, that since his permit by which he was authorized to operate as a common carrier "from Indianapolis to Ben Davis" was unrestricted, he had implied authority to serve all points on the route so described.

The appellee contends that the certificate of public convenience and necessity which was issued to Elsie Johnson in 1925 was acquired by her and pursuant to provisions of chapter 46, Acts 1925, which authorized merely the continuance of the service "which has been lawfully operated over a fixed route with a substantially regular schedule, upon the highways of the state for a period of ninety days immediately prior to the taking effect of this act."

The appellee contends that since the said Elsie Johnson was precluded by the city ordinance of the City of Indianapolis from transporting passengers intracity, over and along West Washington Street, no authority was conferred by the certificate of convenience and necessity, issued by the Public Service Commission, which would authorize such service.

Our attention has been directed to the provisions of § 2, chapter 46, Acts 1925, under which the certificate of convenience and necessity was issued to the said Elsie Johnson. This statute provided:

> "That the owner of any motor vehicle common carrier service which has been lawfully operated over a fixed route with a substantially regular schedule, upon the highways of the state for a period of ninety days immediately prior to the taking effect of this act and is engaged in such operation at the time of filing application therefor, shall receive from the public service commission a certificate of convenience and necessity to continue such operation, upon submitting to the

"public service commission within thirty days from the taking effect of this act, verified proof in writing of such continued service and complying with the provisions of section 3 of this act, and any certificate owned, held or obtained by any such carrier may be sold, assigned, leased, bequeathed or transferred as other property upon approval by the commission."

There is no evidence in this case that at the time of the filing of the application for the certificate under the provisions of this act, the said Elsie Johnson was rendering an intracity service over and along West Washington Street as a part of the route described in her certificate as extending from Indianapolis, Indiana to Ben Davis, Indiana. In the absence of such a showing, it is presumed that she was "lawfully operating as a common carrier" over this fixed route. The validity of the city ordinance which made it unlawful for Elsie Johnson in the operation of her motor bus to receive and discharge passengers intracity over and along West Washington Street is not here questioned. The appellant obeyed this ordinance in the operation of his common carrier and it may be presumed, in the absence of a showing to the contrary, that Elsie Johnson did likewise. We are now asked, however, to say, as a matter of law, that when the Public Service Commission of the State of Indiana issued to the said Elsie Johnson a certificate of convenience and necessity which authorized her to continue such operation in which she had been lawfully engaged for a period of ninety days immediately prior to the taking effect of the 1925 Act it impliedly authorized her to operate as a common carrier in violation of this city ordinance. It is our opinion that the Public Service Commission had no such intention, nor do we think

the certificate so issued was subject to such interpretation.

When this certificate was issued, the petitioner received it with full knowledge that the Legislature had expressly conferred upon the City of Indianapolis the right to regulate traffic over and along its streets. She was operating in obedience to such an ordinance. The right given to the said Elsie Johnson to operate a common carrier "from Indianapolis, Indiana to Ben Davis, Indiana" did not *ipso facto* operate to nullify the city ordinance which had been passed by the local authorities of the city in the exercise of a lawful right. As was said by our Supreme Court:

> "The right to grant certificates of convenience and necessity, to regulate service, to fix rates and to prevent ruinous and unrestricted competition is power given to the Public Service Commission to safeguard the public interest and promote public convenience and necessity, but cities and towns retain their right to regulate traffic and control their streets and exercise their police power generally by ordinances on subjects of municipal concern. Such regulatory ordinances are valid so long as they regulate within reasonable limits and do not prohibit or unreasonably impair or interfere with the right of operation of motor vehicle utilities which have received certificates of convenience and necessity from the Public Service Commission." *Stuck* v. *Town of Beech Grove* (1929), 201 Ind. 66, 76, 163 N. E. 483. See also *Denny* v. *Brady, Rec.* (1929), 201 Ind. 59, 163 N. E. 489.

The appellant relies on the case of *Chicago, etc. R. Co.* v. *Guilfoyle* (1926), 198 Ind. 9, 152 N. E. 167, as authority for the contention that the certificate of convenience and necessity granted in this case should be construed in its broadest sense, and when so construed,

is sufficient to authorize unlimited service as a common carrier.

In the case relied upon, however, there was no city ordinance which sought to restrict this service, and the order of the Public Service Commission under which the utility was operating was not in conflict with any ordinance or any contractual limitation imposed by the city.

The record in this case further discloses that the Public Service Commission of Indiana has at no time accepted the interpretation of the certificate as contended for by the appellant. The record discloses that when the attention of the commission was called to the fact that the appellant was operating an intracity service, the commission suspended the schedule of rates sought and refused to approve this service. It is our opinion, therefore, in the absence of proof that the Public Service Commission, by the certificate of convenience and necessity under which the appellant operates, intended to authorize an intracity service over the route described, the language of such order should not be so interpreted. Orders of the Public Service Commission should be so interpreted as to prevent conflict with city ordinances, if such interpretation does no violence to the language used.

It is our opinion that the certificate of convenience and necessity under which the appellant claims to operate does not authorize intracity service, and the trial court was not in error in restraining the appellant from such operation.

Since the submission of this cause, the appellant has sold his certificate to the Indianapolis Transit, Inc., and the appellee has filed a motion to dismiss this appeal on the ground that the question presented is moot. It is our opinion that this ques-

tion is governed by § 2-227, Burns' 1933, under the provisions of which this action may be continued in the name of the original party to its final conclusion. The motion to dismiss is accordingly overruled. Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 39 N. E. (2d) 781.