STATE EX REL. HAWTHORNE, ET AL. *v.* PEFLEY, JUDGE.

[No. 28,459.   Filed June 26, 1948.]

*Bloom & Bloom,* of Columbia City, for relators.

Lowell L. Pefley, *pro se.*

STARR, J.—This is an original action in this court for a writ of mandate asking that the respondent, Judge of the Whitley Circuit Court, be mandated to enter an order staying all further proceedings on a certain judgment of said court, wherein an adequate appeal bond has been filed with approved sureties.

The pertinent facts in this case, as disclosed by the relators' complaint and the respondent's response to a rule to show cause, disclose that on March 6, 1948, one Louise Larwill, in an action to recover possession of certain real estate, which was cause No. 14102, Whitley Circuit Court, recovered judgment for possession against the relators. In this judgment it was ordered that the defendants, who are the relators herein, yield possession of the premises to the said Louise Larwill

within 60 days and that in case they failed to do so a writ of restitution should issue to dispossess them. On April 5, 1948, relators filed their motion for a new trial in this cause which was overruled on April 14, 1948. At this time the relators exhibited a form of appeal bond to the trial court and the court fixed the amount at $2,000. On May 7, 1948, being more than 60 days after judgment was rendered, the said Louise Larwill filed a petition in said court setting forth that no appeal bond had yet been filed by the relators herein, and prayed that a writ of restitution be issued, which petition was granted, and a writ or restitution was issued forthwith to the Sheriff of Whitley County; that on said last mentioned date the sheriff, with said writ in his possession, visited the premises in question on two occasions, but was unable to locate anyone on said premises; that said sheriff again called at the premises on May 8, 1948, but again was unable to raise anyone. At 9:00 A. M. on May 8, 1948, the relators filed their appeal bond in the amount of $2,000 which was at said time approved by the respondent, but no stay of execution was entered by the court upon the approval by him of said appeal bond; that shortly thereafter on said date, the Sheriff of Whitley County delivered and read a copy of the writ of restitution to said relator, Fred M. Hawthorne; that four days later the relators, by petition, requested the court to enter an order for stay of execution on said judgment, which petition was overruled and the said court refused to stay the execution of said writ, and the said sheriff is now threatening to dispossess the said relators in the face of said appeal bond.

Rule 2-3 of this court, 1946 Revision, among other things, provides:

"Enforcement of a judgment will be suspended during an appeal upon the giving of an adequate appeal bond with approved sureties. Prior to the filing of the transcript for appeal such bond shall be fixed and approved and the order of stay issued by the trial court or the judge thereof in vacation; thereafter by the appellate tribunal."

Under this rule it is our opinion that it was the duty of the respondent, upon approval of the appeal bond, to issue the order of stay and that after the approval of the same the enforcement of the judgment was suspended during the appeal.

It is also our opinion, that under the facts in this case, the order of stay was a matter of course and should have been entered without any request or petition therefor, on the part of the respondent, and was a matter upon which the respondent could not exercise discretion.

Respondent contends a levy had actually been made in this case, and that an order to stay execution must come before a levy; that an execution being one entire thing, cannot be divided once it is begun. Without deciding whether or not the levy in this case had been started, but, conceding for the purpose of this opinion, that the execution of said writ had begun, we are of the opinion that under the above rule of this court, relators' contention is not well founded.

When the rule, above set out, was adopted, and when this court provided therein, that the enforcement of the judgment will be suspended by the filing of an appeal bond, and that an order of stay shall issue, the court intended by this language that any execution issued before the filing of said bond shall be forthwith suspended and stayed as had been the law prior to that time, and as was then specifically provided for in both

term time and vacation appeals. See §§ 2-3204 and 2-3209 respectively, Burns' 1946 Replacement.

The alternative mandate is made absolute and respondent is hereby ordered to forthwith enter an order in said cause No. 14102, Whitley Circuit Court, staying the enforcement of the judgment therein as herein indicated.

Emmert, J. dissents.

## DISSENTING OPINION

EMMERT, J.—The question presented in this original action arises from the statutory provisions for the issuance of writs of mandate and prohibition out of the Supreme Court and Appellate Court of this state. The statute conferring such original jurisdiction on these courts provides as follows:

> ". . . Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court to the circuit, superior, criminal, probate, juvenile or municipal courts of this state, respectively, compelling the performance of any duty enjoined by law upon such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, including the granting of changes of venue from the county in cases where such change of venue is allowed by law, and timely, proper and sufficient motion and affidavit have been filed therefor, and such change of venue has been refused; and also writs of prohibition may issue out of the Supreme Court to such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, to restrain and confine such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, to their respective, lawful jurisdiction." § 3-2201, Burns' 1946 Replacement, Acts 1881 (Spec. Sess.)

ch. 38, § 803, p. 240; 1911, ch. 223, § 1, p. 541; 1915, ch. 87, § 1, p. 207; 1933, ch. 102, § 1, p. 688.

The fact that the statute makes separate provision for writs of mandate and prohibition in aid of the appellate powers of the Appellate and Supreme Courts would indicate a legislative intention that the general provisions for such writs out of the Supreme Court to the trial courts of the state means something different than writs in aid of appellate jurisdiction as provided by the first sentence, else there would have been no necessity for including the Supreme Court along with the Appellate Court in the grant of authority to issue such writs in aid of the appellate jurisdiction. The specific authority in aid of appellate jurisdiction is not included in the general grant to only the Supreme Court.

The trial court in this case should have issued a stay of execution according to the mandate of Rule 2-3 of this court.[1] The appeal relators were perfecting was to the Appellate Court, and although the appeal has not been perfected by the filing of the transcript and assignment of errors as provided by the rules of this court concerning appeals, yet the appeal had been initiated in the trial court, and, "The pendency of an appeal is not necessary, however, to an exercise of jurisdiction in aid of an appeal . . ." *State ex rel. M. & T. Ins. Co.* v. *Buente, Judge* (1936), 210 Ind. 432, 433, 3 N. E. 2d 977. This well recognized principle is often employed by the Supreme Court when it issues a stay of execution of sentence of death before the

---

[1] ". . . Enforcement of a judgment will be suspended during an appeal upon the giving of an adequate appeal bond with approved sureties. Prior to the filing of the transcript for appeal such bond shall be fixed and approved and the order of stay issued by the trial court or the judge thereof in vacation; thereafter by the appellate tribunal." Rule 2-3.

transcript and assignment of errors has been filed with the clerk of this court.

If after the appeal had been perfected a *supersedeas* had been sought, it could only be issued out of the Appellate Court in this case in conformity with Rule 2-3 of this court. It is difficult to see why a different court should take jurisdiction to compel the issuance of the stay when a writ of mandate is sought before the perfection of the appeal. Reasons of policy and comity indicate that this was the intention of the legislature, and in the interest of the orderly administration of justice appellants should be required to obtain their writs of mandate and prohibition in aid of appellate jurisdiction from the court which would have jurisdiction of the appeal, which in this case is the Appellate Court.

NOTE.—Reported in 80 N. E. 2d 110.