STATE EX REL. KAPLAN, ET AL. *v.* LAMB, JUDGE, NEWTON COUNTY CIRCUIT COURT.

[No. 29,709. Filed December 11, 1958.]

*James J. Richards,* of Hammond, and *Barce & Barce,* of Kentland, for relators.

*Wasson J. Wilson, Bomberger, Wilson, Crites & Belshaw,* of counsel, all of Hammond, *George F. Sammons* and *Sammons & Sammons,* of Kentland, for respondent.

LANDIS, C. J.—Petitioners have brought original action asking that respondent be mandated to stay and suspend enforcement of the decree previously rendered by respondent which had granted mandatory relief to Meyer's Plumbing, Inc., and Marlowe Frey, in their suit against relators. We issued the temporary writ.

The suit below was brought by Meyer's Plumbing, Inc., and Marlowe Frey, against relators, and taken to respondent court on change of venue. The suit was for a decree of mandamus commanding relators to issue a plumbing license to engage in the plumbing business in the city of Hammond, Indiana. Respondent court, after hearing evidence, granted the relief prayed for. Thereafter relators filed motion for stay of enforcement of decree of mandate pending appeal. Relators' motion for new trial was overruled. Plaintiffs below filed petition for civil contempt against relators which is still pending before respondent court.

Relators contend the enforcement of respondent court's decree of mandamus is subject to being stayed upon their motion, pending appeal of said cause, but respondent contends the decree, being self-executing and granting mandatory relief, is not subject to being stayed pending appeal.

Relators cite Burns' §2-4717 (1946 Replacement), providing for the taking of appeals by cities and towns viz.:

"Appeal without bond—Cities and towns—Term appeal perfected without notice—Execution stayed —Other proceedings without bond.—In all actions in which any city, or town, or those representing it in any official capacity, are entitled to pray or take an appeal of any kind, the same shall be granted or taken as to such city, or town, or such persons, without bond. Any term appeal so granted may be perfected without further notice at any time within the period of time allowed for perfecting general appeals in vacation.

"No proceedings shall be had to enforce any judgment against such city, or town, or such persons, and execution thereon shall be stayed pending an appeal therefrom.

"No bond or undertaking shall be required of any city, or town, or those representing it in any official capacity, in any proceeding or action, either by or against it, or them, in which any such bonds or undertakings are either now or may be hereafter required generally of any parties thereto." (Acts 1931, ch. 9, §1, p. 14.)

Relators also cite Rule 2-3 of this Court providing in part as follows:

"No appeal bond shall be necessary to perfect an appeal from any judgment or appealable interlocutory order. Enforcement of a judgment or appealable interlocutory order, however, will be suspended during an appeal upon the giving of an adequate appeal bond with approved sureties. Prior to the filing of the transcript for appeal such

bond shall be fixed and approved and the order of stay issued by the trial court or the judge thereof in vacation; thereafter by the appellate tribunal. Nothing herein shall be construed as giving the right to stay, by giving such bond, any judgment or order which cannot now be stayed or suspended by the giving of an appeal bond."

The only case cited by relators in support of their position is *State ex rel. Hawthorne* v. *Pefley, Judge* (1948), 226 Ind. 353, 80 N. E. 2d 110. That was an action for possession of real estate in which a decree was entered for plaintiff. The defendants filed an appeal bond and requested stay of execution which was refused by the lower court. The Supreme Court's opinion cites Rule 2-3 and states that it was the duty of the lower court on approval of the appeal bond to issue the order of stay. The court refuted respondent's contention that the stay order must precede the levy of execution in order to be operative, stating that Rule 2-3 did not change the pre-existing Indiana law that an execution issued before the filing of the bond should be suspended and stayed upon filing of appeal bond. The case did not involve a decree in mandamus in the lower court and no contention was made that the judgment was self-executing in nature so as to make the stay improper. It is therefore clearly distinguishable from the case before us.

Respondent has cited the following Indiana cases in support of its contention that a judgment which is self-executing in nature is not subject to stay pending appeal except as to payment of costs.

*Randles* v. *Randles* (1879), 67 Ind. 434, was a partition suit in which land was conveyed pursuant to a decree in partition, and it was held such grantee could recover possession from a co-party during the time the latter had appealed the judgment and filed appeal

bond. The court stated the final judgment was self-executing and required no execution.

*Walls* v. *Palmer* (1878), 64 Ind. 493, held a judgment disbarring an attorney was not stayed by an appeal, with bond, the court saying the judgment was self-executing, and that the appeal would not allow the party to practice law during the pendency of the appeal as that act by the judgment he was forbidden to do.

In the case of *Cadwell* v. *Teaney* (1928), 199 Ind. 634, 157 N. E. 51, 277 U. S. 605, 72 L. Ed. 1011, 48 S. Ct. 601, the election commissioners were mandated to place candidates of the Citizens Ticket on the ballot. The mandate was not complied with as the election commissioners were appealing the judgment at the time of the election and it was contended this operated as a stay. After the election the appeal was dropped, and in a *quo warranto* proceeding testing the right of the elected candidates to hold office, it was held the election was void and the judgment of mandate requiring the Citizens Ticket candidates on the ballot was not stayed by the appeal. The court there stated (p. 642 of 199 Ind., p. 54 of 157 N. E.) :

> "The action of *quo warranto* is an extraordinary legal remedy, and like its sister action for injunction, seeks an extraordinary power to be manifested by the court. Although an appeal lies from a final judgment to enjoin, and even though a bond be given, it in no sense vacates such judgment, neither may the parties sought to be restrained carry into effect pending the appeal the thing sought to be restrained by such judgment. The same reasoning applies in the case at bar. The mandate was binding upon the parties, even pending the appeal."

There can be no question in the instant case before us for decision but that the judgment of mandate

commanding relators "forthwith to issue . . . their certificate of passage of said examination by plaintiff Marlowe S. Frey, to the end of permitting the Controller of said City of Hammond, . . . Indiana, to issue a [plumbing] license . . . on posting of bond and payment of the license fee required by said Ordinance No. 2210, as amended," was self-executing and mandatory in nature and in view of foregoing authorities was enforceable and not subject to stay on appeal, except as to costs.

It will be noted that Rule 2-3 of this court as amended (1949) heretofore cited which provides for the suspension of the enforcement of a judgment during an appeal with bond, further provides:

". . . Nothing herein shall be construed as giving the right to stay, by giving such bond, any judgment or order which cannot now be stayed or suspended by the giving of an appeal bond."

It is thus abundantly clear that by the adoption of this rule we did not intend to change the pre-existing state of the law as to the immediate enforceability of judgments not subject to stay on appeal.[1]

The alternative writ of mandate is accordingly dissolved and the permanent writ denied.

Achor, Arterburn, Emmert and Bobbitt, JJ., concur.

NOTE.—Reported in 154 N. E. 2d 500.

---

1. See also *State ex rel. Hawthorne* v. *Pefley, Judge* (1948), 226 Ind. 353, 355, 80 N. E. 2d 110, 112.