GOODSON v. Y.M.C.A. BOARD OF TRUSTEES.

[No. 1268A214. Filed November 3, 1969. No petition for rehearing filed.]

*Joe D. Black, Ramsey & Ramsey,* of Vincennes, for appellant.

*T. Ralph Alsop, Shake and Lewis,* of Vincennes, for appellees.

COOPER, J.—This is an appeal from the Greene Circuit Court wherein the Court granted a motion for summary judgment for the appellees on their Petition to Vacate a Portion of an alley.

It appears from the record that this matter originated in the Knox Circuit Court by the appellees filing therein their said petition which prayed the Court to order the vacation of a certain public alley in the city of Vincennes, Indiana. The appellant herein did not own any land abutting or adjacent to the alley in question. He appeared merely as a member of the general public, filed a remonstrance to the appellees' petition, and subsequently an application for change of venue from the county. After the matter had been venued to Greene County, and a change of judge effected in that county, the matter was submitted on the appellees' motion for summary judgment and affidavit in support thereof, and the affidavit of the remonstrator-appellant in opposition thereto.

On April 10, 1968, the Court entered its summary judgment in favor of the appellees, vacating the public alley in Vincennes, Indiana, as sought by the petitioners.

The appellant herein first sought relief from the judgment by filing in the Supreme Court of Indiana, a Petition for Writ

of Prohibition and Writ of Mandate. The Supreme Court declined to issue such a writ, as not being the proper remedy, and directed the appellant to file his appeal in this Court.

After the matter was fully briefed, the appellees filed herein on April 25, 1969, their Supplemental Answer Brief, which is verified by one of the attorneys for the appellees. The Supplemental Brief alleges that the matter in controversy is now moot for the following reasons:

"(1)  That all of the appellees herein (who were the owners of all of the property abutting the alley in question) have sold and conveyed their real estate adjacent to said public alley to the Penner-Ring Company of Los Angeles, California.

"(2)  At the time the appellees sold their said real estate the judgment of the Greene Circuit Court was in full force and effect and required no further action of that Court to terminate the litigation.

"(3)  No supersedeas bond or stay of execution had been sought or obtained by appellant to prevent the enforcement of the judgment of the Greene Circuit Court.

"(4)  The Penner-Ring Company has entered into a contract with the United States for the erection of a post office building on the real estate formerly belonging to the appellees and on and across that part of the alley ordered vacated by the Greene Circuit Court, and that said post office building is substantially completed.

Our Supreme Court has recently held that where the issues have become moot, it is the duty of the parties to place such matters before the Court by proper petitions, motions or challenges by verified filings. *Carl L. Snider et al.* v. *Mt. Vernon Hancock School Building Corporation et al.* (1968), 250 Ind. 10, 234 N. E. 2d 632. The appellees herein, having filed an affidavit verifying the truth of the matters and facts set forth in the supplemental answer brief have complied with this duty.

The appellant has not controverted nor challenged these verified statements.

The existence of an actual controversy is necessary as an essential requisite to appellate jurisdiction. An appeal which presents only a moot question, the decision of which cannot have any practical effect, will be dismissed. See: Wiltrout, Ind. Pr. Vol. 3, Sec. 2129, p. 20, and cases cited.

Since the appellant Goodson did not own any land abutting or adjacent to the alley vacated, he had no real interest in the matter of the vacation of the alley. The parties having the real interest have all sold their property and no longer have any interest in the cause. It thus appearing that this matter is moot, the cause must be dismissed. Wiltrout, Ind. Pr. Vol. 3, *supra*.

We wish to note in passing, that had this appeal not been dismissed because the question presented was moot, we would have been required to affirm the judgment of the trial court because of the failure of the appellant to comply with the requirements of Rule 2-5 of the Rules of the Supreme Court of Indiana in preparing the transcript. The transcript is defective in each of the following particulars: (1) The transcript is not securely bound. It is fastened at the top with a metal fastener and enclosed inside a manila filing folder; (2) the lines of each page of the transcript are not numbered; (3) each page of the transcript is not numbered; and (4) the appellant has failed to make marginal notes on each page of the transcript.

In addition, the pages of the record containing the pleadings have been duplicated by some type of photographic process. Many of these pages have turned dark and the matter appearing on these pages cannot be read.

The Rules of the Supreme Court are binding on this Court and the litigants alike, and the rules cannot be disregarded. It is the duty of the appellant to prepare the transcript in compliance with the requirements of Rule 2-5. Where, as here, the appellant has not made at least

substantial compliance with the rule in the preparation of the transcript, the judgment below will be affirmed. See: Wiltrout, Ind. Pr. Vol. 3, Sec. 2342, pp. 167 to 173, and Sec. 2526, pp. 294 to 296.

Appeal dismissed. Costs v. Appellant.

Lowdermilk, P.J., and Carson, J., concur; Sullivan, J., dissents with opinion.

### DISSENTING OPINION

SULLIVAN, J.—I cannot agree with the determination made in the majority opinion to dismiss this appeal as moot. The majority cites Wiltrout, Indiana Practice, Vol. 3, Sec. 2129, in support of its conclusion. To be sure, Wiltrout, § 2129 (2) (f), does state that a question on appeal may become moot by a disposition of the property or interests involved. That same section, however, cites Indiana Annotated Statutes § 2-227 (Burns' Repl. 1967), which section reads as follows:

> "No action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In the case of death or disability of a party, the court, on motion or supplemental complaint, at any time within one [1] year, or on supplemental complaint afterwards, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action shall be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action."

Judge Wiltrout's treatment also cites *Poparad* v. *Indianapolis Railways, Inc.* (1942), 111 Ind. App. 314, 322, 39 N. E. 2d 781. In that case the court held as follows:

> "Since the submission of this cause, the appellant has sold his certificate to the Indianapolis Transit, Inc., and the appellee has filed a motion to dismiss this appeal on the ground that the question presented is moot. It is our opinion that this question is governed by § 2-227, Burns' 1933, under the provisions of which this action may be con-

tinued in the name of the original party to its final conclusion. The motion to dismiss is accordingly overruled. * * * "

The mere fact that here appellees disposed of their respective interests in the real estate abutting the alley in question cannot and does not render this appeal moot. Appellees, as parties adverse to the claimed interest of the appellant, cannot unilaterally deny the right of appeal to him.

Judge Cooper's opinion herein alludes to and quotes from appellees' supplemental brief to the effect that appellant's failure to seek a stay of execution or a supersedeas bond contributes to the mootness of the question. While I do not readily accept the logic contained in the law which binds us in this regard, I nevertheless feel that we are compelled to follow *State ex rel. Kaplan* v. *Lamb* (1958), 239 Ind. 25, 154 N. E. 2d 500, wherein our Supreme Court quite clearly held that self-executing judgments are not subject to stay, pending appeal, except as to payment of costs. Appellant, therefore, was powerless to prevent the self-executing enforcement of the judgment of the Greene Circuit Court. The appeal, therefore, cannot be held moot upon appellees' reasoning in this respect.

Since the majority's discussion concerning appellant's purported failure to comply with the requirement of Rule 2-5 of the Rules of the Supreme Court is *dictum,* I do not address myself to that matter.

While I appreciate and sympathize with the well-intentioned desire of my brethren to dispose of this case as quickly, expeditiously and painlessly as possible; and while I agree that the appellant has little, if any, actual stake in the continued existence of the public alley in question, I cannot subscribe to the basis upon which that disposition is made.

NOTE.—Reported in 251 N. E. 2d 858.