STATE OF INDIANA ON THE RELATION OF WINKLER *v.* SUPERIOR COURT OF MARION COUNTY, ROOM NO. 3, ETC.

[No. 31,170. Filed September 20, 1967.]

*Dan R. Winchell, William F. Landers, Jr.,* and *Baker & Daniels,* all of Indianapolis, for the Relator.

*Jessie Levy, Mary Louise Wolfard* and *Arch N. Bobbitt,* all of Indianapolis, for the Respondents.

MOTE, J.—This matter is presented by a verified petition for writ of mandamus which, among other things, states that Jeanine A. Winkler was the plaintiff in an action for divorce, custody of three minor children, support money, attorneys' fees and an equitable division of property, against Elmer L. Winkler, the Relator herein.

The record submitted with said petition indicates the following:

On April 8, 1963, the plaintiff filed her original action. On April 24, 1963, by an interlocutory order, temporary custody pendente lite was awarded to plaintiff. On June 26, 1963, Relator, by counsel, filed an answer to the petition for divorce. On August 26, 1963, the trial court entered a decree of divorce to plaintiff, with the following findings and adjudications:

(a) the separation agreement dated June 25, 1963, between the parties had been entered into fairly and without fraud, duress, etc., and

(b) The defendant (Relator herein) was a fit and proper person to have the custody of the three children of the parties, with a judgment awarding the custody of the children to the defendant, subject to the continuing jurisdiction of the trial court and subject to certain privileges, rights and obligations of the parties set forth therein.

Thereafter on May 16, 1966, plaintiff filed a petition for modification and an answer was filed thereto. A trial of the issues was commenced on June 3, 1966, and after adjournment, said trial was continued on February 6, 1967. Thereafter, on March 15, 1967, the trial court (Respondent herein) entered on the docket the decision on the issues presented by the petition for modification. The decision rendered by the trial court was that the custody of the three children should be vested in the plaintiff which, in effect, served to divest custody from the Relator herein to his former wife, the plaintiff in the divorce action.

In pursuance of the above decree, the plaintiff gathered the said three children from their school, without the consent or prior knowledge of the Relator, and she has continuously retained custody thereof. The Relator has not voluntarily acquiesced in the award or change of custody or the custody itself.

On the following day, to-wit: March 16, 1967, the Relator herein, by counsel, filed in the court below and presented an appeal bond accompanied by his Motion for Stay of Judgment on Petition for Modification of Divorce Decree and for Order Approving Form of Appeal Bond and Establishing Amount of such Bond.

On March 22, 1967, Relator, by counsel, filed in the court below his brief in support of the Motion next above described and thereafter, plaintiff filed her brief and Relator filed a reply brief concerning the questions involved on the above mentioned Motion. On April 13, 1967, the Relator, by counsel, filed a Motion for New Trial on the Petition for Modification of Divorce Decree.

It appears to be a fact that the Respondent herein has failed and refused to rule on the Relator's Motion for Stay of

Judgment etc., which gives rise to the petition for writ of mandamus now under consideration.

Among other things, the record herein reveals that the parties agreed upon, and the trial court approved, a separation agreement executed by the parties on the 25th day of June, 1963, much of which had to do with the custody of the children. Without going into unnecessary detail, the parties agreed, and the trial court approved the investment of custody of the children in the defendant, Relator herein.

The Petition for Modification of the Divorce Decree, in pursuance of which, after hearing, the custody was changed from the Relator herein to the plaintiff below.

The petition for writ of mandamus was filed on May 9, 1967, and after an extension of time granted, the Respondent's return was filed on June 28, 1967.

Much of the Relator's petition and brief in support thereof filed herein concerns Supreme Court Rule #2-3, the last paragraph of which is as follows:

"No appeal bond shall be necessary to perfect an appeal from any judgment or appealable interlocutory order. Enforcement of a judgment or appealable interlocutory order, however, will be suspended during an appeal upon the giving of an adequate appeal bond with approved sureties. Prior to the filing of the transcript for appeal such bond shall be fixed and approved and the order of stay issued by the trial court or the judge thereof in vacation; thereafter by the appellate tribunal. Nothing herein shall be construed as giving the right to stay, by giving such bond, any judgment or order which cannot now be stayed or suspended by the giving of an appeal bond. Adopted April 17, 1940. Effective September 2, 1940. Amended June 17, 1943. Effective September 6, 1943. Amended and effective May 9, 1949."

The Relator argues that the trial court has no alternative under Rule #2-3 but to approve a reasonable bond and to order a stay of execution. This would be tantamount to providing relief on appeal to the relief denied to Relator in the action.

Perhaps it should be stated that the Petition to Modify the Decree, as concerns the award of the children, contains ample averments showing a change of condition from the time of the decree of divorce and award of the children to the Relator under the terms of the agreement of the parties approved by the trial court.

We understand from the record before us that there is a pending appeal from the judgment of the trial court (Respondent herein) concerning the merits. Respondent assumes that the trial court is required, under the circumstances and facts before us, to approve the bond, which means a stay of execution of the order of the trial court, thus permitting the custody of the children to remain in the Relator. He relies on the language of Rule #2-3 above quoted, as follows:

". . . Prior to the filing of the transcript for appeal such bond shall be fixed and approved and the order of stay issued by the trial court or the judge thereof in vacation; thereafter by the appellate tribunal. . . ."

Respondent indicates that his failure and refusal to act in setting a reasonable bond and to stay the execution of the order for judgment is based upon the sentence following the next above quotation from the Rule, as follows:

"Nothing herein shall be construed as giving the right to stay, by giving such bond, any judgment or order which cannot now be stayed or suspended by the giving of an appeal bond."

Respondent further asserts that if an appeal bond were approved, it could stay only the judgment for costs; that the question of modification of a previous award of custody is also justiciable; and that the trial court has not only the authority but the duty to exercise discretion in the determination of whether a judgment of the character here involved is stayable.

We are not satisfied with the authorities cited by the Relator and the effect accorded to them. On the other hand, the

Respondent has submitted for our consideration a number of authorities which support the posture advanced. Among these are the following: *State* v. *Boone Circuit Court* (1964) 245 Ind. 34, 196 N. E. 2d 77, 81, in which it was stated:

". . . but in view of the oft stated position of this court that resort to original actions will not lie when there is another remedy available, we need not so extend this opinion. (citations)."

Also, *State ex rel* v, *Delaware Circuit Court* (1964) 245 Ind. 154, 196 N. E. 2d 752, 755, in which it was stated:

"This court has consistently adhered to the following rule: 'The law is too well settled in this state that a writ of mandamus will be issued only in cases where the facts show a clear legal right on the part of the relator to the relief demanded, and a clear legal duty resting on the respondent to do and perform the things demanded. It has been held many times that mandamus does not lie to establish a right or to define and impose a duty, and is available only in the absence of another adequate remedy at law. (citations)' "

We may state that if said Rule #2-3 is lacking in clarity to the extent that the trial courts, after due process and hearing, cannot alter, change or modify previous orders concerning the custody of children to take effect immediately, it then is for us to say that matters of such paramount importance—the welfare, well-being and best interests of minor children—would take precedence over any interpretation of the Rule which in any wise would hamper the power of the trial court that is best informed in the disposition of such matters.

The Writ of Mandamus is denied.

Hunter, C. J., Arterburn and Lewis, JJ., concur.

Jackson, J., concurs in denial of writ only.

NOTE.—Reported in 229 N. E. 2d 648.