STATE of Indiana on the relation of the
CIVIL CITY OF SOUTH BEND,
Indiana, Relator,

v.

The COURT OF APPEALS OF INDIANA–THIRD DISTRICT and William I. Garrard, Presiding Judge, George B. Hoffman, Jr. and Robert H. Staton, Associate Judges and Paul H. Buchanan, Jr., Chief Judge of the Court of Appeals of Indiana, Respondents.

No. 1179S321.

Supreme Court of Indiana.

June 26, 1980.

James A. Masters, Asst. City Atty., South Bend, for relator.

Janet Roberts Blue, Theodore L. Sendak, Atty. Gen., Jeffrey L. Hunter, Deputy Atty. Gen., and Thomas D. Strodtman, Asst. Atty. Gen., Indianapolis, for respondents.

GIVAN, Chief Justice.

The relator, Civil City of South Bend (City), filed a verified complaint in action for mandate in the St. Joseph Circuit Court against the State Board of Tax Commissioners (Board). The mandate action sought to compel the Board to approve appropriation Ordinance No. 6592–79, enacted by the South Bend Common Council. The Council, by a 5:4 majority vote, appropriated three hundred thousand dollars ($300,-000) from federal revenue sharing funds for the construction of exhibits to be displayed in Discovery Hall, a museum owned and operated by the City. The ordinance was submitted to the Board as required by law. The Board denied approval on the grounds that IC § 18–1–6–6 requires a common council vote of at least a two-thirds margin to enact an ordinance for an additional appropriation. The City contended that the Board's reliance on the above statute was erroneous.

The Starke Circuit Court ordered the Board to "immediately execute and deliver its APPROVAL" of the ordinance. The court denied the Board's Motion for Stay Pending the Disposition of the Motion to Correct Errors and Appeal. On the City's Motion for the Issuance of a Rule to Show Cause why the Board should not be held in contempt for failure to comply with the court's decree, the trial court set a hearing for October 5, 1979. However the Board filed a Verified Petition to Reconsider Denial of Stay with the Court of Appeals of Indiana, Third District, on October 2, 1979, after the Starke Circuit Court denied a stay. On October 3, 1979, the appellate court ordered a stay of proceedings pending the completion of the appeal. The City subsequently petitioned this Court to issue a writ of mandate or prohibition commanding that the Court of Appeals dissolve its order granting the stay of proceedings pending completion of the appeal or prohibit enforcement of the order.

The relator first argues that the Supreme Court is authorized to issue a writ of mandate or prohibition naming the Court of Appeals as the respondent court. Article 7, § 4, of the Indiana Constitution, from which such authority is derived, states in relevant part:

"The Supreme Court shall have no original jurisdiction except in . . . supervision of the exercise of jurisdiction by the other courts of the State; and issuance of writs necessary or appropriate in aid of its jurisdiction."

IC § 34–1–58–1 provides:

"Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court of Indiana to any and all inferior courts compelling the performance of any duty enjoined by law upon such inferior courts . . . ."

Although we agree and respondent concedes that this Court has the authority to issue such writs, there are governing limitations on our power to do so. A writ of mandate or prohibition is an extraordinary remedy, viewed with extreme disfavor. A writ will not issue unless there is a clear and obvious emergency where the failure of this Court to act will result in

substantial injustice. *State ex rel. Kiritsis v. Marion Probate Ct.* (1978) Ind., 381 N.E.2d 1245; *State ex rel. Gibson General Hospital v. Warrick Cir. Ct.* (1966) 247 Ind. 240, 214 N.E.2d 655. Before a writ of mandate may properly issue, there must be a failure to perform a clear, absolute and imperative duty imposed by law. *State ex rel. Burns v. Sharp* (1979) Ind., 393 N.E.2d 127; *State ex rel. Winkler v. Marion Sup. Ct., Rm. 3* (1967) 248 Ind. 424, 229 N.E.2d 648. Alternatively, before a writ of prohibition may issue, there must be an action performed clearly in excess of the respondent court's jurisdiction. *State ex rel. Townsend v. Tipton Cir. Ct.* (1961) 242 Ind. 226, 177 N.E.2d 590; *State ex rel. Raney v. Gibson Cir. Ct.* (1961) 241 Ind. 497, 173 N.E.2d 660.

The relator claims that the Court of Appeals' order granting a stay of proceedings pending completion of the appeal was outside the realm of appellate jurisdiction and prohibited because self-executing or mandatory orders are not properly the subjects of a stay and remain binding during the pendency of an appeal. *Cadwell v. Teaney* (1928) 199 Ind. 634, 157 N.E. 51; *State v. Lamb* (1958) 239 Ind. 25, 154 N.E.2d 500. Relator also claims that his position is supported by the language of AP 6(B), which states:

"(B) *Bonds in Appeals.* No appeal bond shall be necessary to perfect an appeal from any judgment or appealable interlocutory order. Enforcement of a judgment or appealable interlocutory order, however, will be suspended during appeal upon the giving of an adequate bond with approved sureties. The trial court or judge thereof shall have jurisdiction to fix and approve the bond and order a stay pending an appeal as well as prior to the appeal. If the stay is denied by the trial court or judge thereof, the appellate tribunal may reconsider the application at any time after denial upon a proper showing by certified copies of the trial court's action and grant or deny the same and fix the bond. Provided, however, no bond shall be required from a

governmental organization as provided in Trial Rule 62(E). Nothing herein shall be construed as giving a right to stay, by giving such bond, any judgment or order which cannot now be stayed and suspended by the giving of an appeal bond."

Although AP 6(B) advised that the giving of an appeal bond does not give a right to stay an "order which cannot now be stayed and suspended by the giving of an appeal bond", that rule does not delineate what orders are subject to a stay of proceedings. TR 62(C), which provides guidance for the issuance of stays, states:

"(C) *Stay of orders relating to injunctions, appointment of receivers and orders for specific relief.* When an appeal is taken from an interlocutory or final judgment granting, dissolving or denying an injunction, the appointment of a receiver or, to the extent that a stay is not otherwise permitted by law upon appeal, from any judgment or order for specific relief other than the payment of money, the court to which the application is made in its sound discretion may suspend, modify, restore or grant the injunction, the appointment of the receiver or the specific relief during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. Nothing in this rule is intended to affect the original jurisdiction of the Supreme Court or Court of Appeals of Indiana."

Thus, a stay may properly be issued in cases involving an order for specific relief, with the exception of a money judgment.

In this case the trial court ordered the Board to issue its immediate approval of an ordinance and denied the relator's petition for a stay. The Court of Appeals, in its discretion, could properly grant a stay of proceedings. We have held that a writ of mandate or prohibition will not issue to control judicial discretion. *State ex rel. Shelbyville Newspapers, Inc. v. Shelby Sup. Ct.* (1979) Ind., 396 N.E.2d 337.

The relator alternatively claims that the Court of Appeals abused its discretion by granting the stay of proceedings pend-

ing completion of the appeal. In *City of Elkhart v. Middletown* (1976) 265 Ind. 514, 356 N.E.2d 207, we stated that an abuse of discretion or clear error occurs "not only when an exercise of discretion is without reason, but also when it is based upon impermissible reasons or considerations." Had the stay been denied and the proposed exhibits been constructed before the completion and disposition of the appeal, an appellate opinion reversing the trial court would have been meaningless. The stay falls within TR 62(D)(3), which states in part:

"The provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal, or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

We therefore hold that the Court of Appeals did not abuse its discretion in issuing a stay of proceedings pending completion of an appeal, which appropriately aids the court's power and function. IC § 34–1–58–1.

The relator's petition for writ of mandate or prohibition is denied.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.