**PERRY TOWNSHIP, Monroe County, Indiana, and Randy L. Scisco, as Trustee, Perry Township, Monroe County, Indiana, Respondents-Appellants,**

v.

**Theresa HEDRICK, Petitioner-Appellee.**

**No. 1–281A41.**

Court of Appeals of Indiana, First District.

Dec. 29, 1981.

Lee Pettay, Bloomington, for respondents-appellants.

Jamie L. Weinberg, Susan H. Schwandt, Legal Services Organization of Indiana, Inc., Bloomington, for petitioner-appellee.

NEAL, Presiding Judge.

### STATEMENT OF THE CASE

This is an appeal by Randy L. Sciscoe, the Township Trustee of Perry Township, Monroe County (the trustee) from a judgment in favor of Theresa Hedrick in an action for mandate. The judgment appealed from required the trustee to comply with an order of the Monroe County Board of Commissioners (Commissioners) to pay Hedrick's delinquent electric bill.

We affirm.

### STATEMENT OF THE FACTS

The relevant underlying facts are undisputed and may be briefly stated. However, because several of the errors assigned by the trustee involve questions concerning

procedure, we must set forth the course of proceedings at some length.

On July 12, 1980, Hedrick applied to the trustee for assistance to pay her overdue electric bill in the amount of $61.08. The trustee denied the application. Hedrick, pursuant to Ind.Code 12–2–1–18, appealed the trustee's denial to the Commissioners. On July 21, 1980, the Commissioners issued a decision that Hedrick was entitled to the poor relief assistance for which she had applied and ordered the trustee to provide that assistance. Upon the trustee's failure to comply with the Commissioners' order, Hedrick filed a petition for mandate in the Monroe Superior Court, seeking that court to order the trustee's compliance with the Commissioners' order. On July 31, 1980, the trial court set Hedrick's petition for mandate for hearing on August 7, 1980. Further, on July 31, 1980, the trustee moved to dismiss the mandamus action, contending that the action was filed prematurely in that he intended to appeal the Commissioners' decision and the time for such appeal to be taken had not then expired.

On August 7, 1980, after hearing arguments, the trial court denied the trustee's motion to dismiss and granted Hedrick's petition for mandate, ordering the trustee to promptly comply with the Commissioners' order. The trustee then orally moved for a stay of the trial court's order mandating compliance, which motion was denied. Finally, the trustee moved for a continuance in order to file an answer to Hedrick's petition and an appeal of the Commissioners' decision. The trial court granted the motion and ordered the answer and appeal to be filed by August 11, 1980.

On August 8, 1980, the trustee filed an answer, in the form of a general denial, to Hedrick's petition for mandate and a motion for jury trial. The trustee further filed, on August 11, a second motion to stay the trial court's order mandating compliance with the Commissioners' decision, alleging that he intends to appeal both the trial court's and the Commissioners' decisions. On August 14, 1980, Hedrick filed an opposition to the trustee's motion for trial by jury on the grounds that there was no material issue of fact yet to be determined in the petition for mandate. Hedrick also filed on August 14, 1980, opposition to the trustee's motion for stay and a motion striking certain evidentiary material from the trustee's motion. On August 18, 1980, the trial court again denied the trustee's motion for a stay of the court's order and granted Hedrick's motion to strike evidentiary material. The trial court also set a hearing for August 22, 1980, to permit the trustee to present evidence in support of his motion for a stay. At the August 22, 1980, hearing the trial court reinstated its order of August 7, 1980, denied the motion for jury trial on the grounds that there was no remaining issue of fact to be decided on the petition for mandate, and scheduled an additional hearing to determine the following: first, whether the trustee had complied with the trial court's order of August 7, 1980; second, whether the trial court's denial of the trustee's motion for a stay of that order had been overruled by a higher court; and third, what evidence the trustee could present justifying the granting of a stay.

On August 26, 1980, the trial court heard arguments and evidence concerning the trustee's motion for a stay. The trial court found that the trustee had not yet complied with the August 7, 1980 order, that no higher court had overruled the trial court's previous denial of a stay, and that insufficient evidence was presented to justify granting a stay. Thereupon, the trial court entered the following judgment:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that:

(1) The defendants motion for stay of execution again be, and the same hereby is, denied; and

(2) That the defendants comply with the order of the Monroe County Board of Commissioners of July 21, 1980, or thereafter show cause, if any they have, at a time and date to be hereafter set by the Court why they should not be held in contempt of this Court for failure to comply with this order."

## ISSUES

The trustee assigns five issues for review as follows:

I. "Whether the Superior Court erred in setting the plaintiff-appellee's Petition for Mandate for hearing prior to the issues raised by the Petition for Mandate being closed, thus contrary to I.C. 34–1–58–3."

II. "Whether the Superior Court erred in denying the defendant-appellant's Motion to Dismiss on the statutory basis of I.C. 17–2–1–3."

III. "Whether the Superior Court erred in mandating the defendant-appellant to comply with the Commissioner's order without hearing any evidence."

IV. "Whether the Superior Court erred in denying the defendant-appellant's Motion for Stay of Execution Pending Appeal."

V. "Whether the Superior Court erred on August 22, 1980, in requiring that defendant present evidence without the benefit of a jury trial and finding against the defendant without said jury trial."

## DISCUSSION AND DECISION

*Issue I.  Hearing*

■ The trustee here contends the trial court erred in setting the hearing on the petition for mandate without the issues having yet been closed. We fail to see that the trustee was in any way harmed thereby. As related above, the trial court granted the trustee's motion for a continuance on August 7, 1980, so that the trustee could file an answer. The trustee did file an answer, and a further hearing was held prior to the entry of final judgment. There is no error here.

*Issue II.  Motion to Dismiss*

The trustee moved to dismiss the mandamus action, contending the petition was prematurely filed since the time period in which he could appeal the Commissioners' decision had not yet expired.[1] Hedrick concedes for the sake of argument that the trustee had a right to judicial review of the Commissioners' action, but maintains that such had no bearing on the propriety of the mandamus action.

■ The mandamus action is authorized by Ind.Code 34–1–58–2, which states:

"The action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station."

This has been interpreted as requiring a failure on the part of the respondent to perform a "clear, absolute and imperative duty imposed by law" before a writ of mandate will issue. *State ex rel. Civil City of South Bend v. Court of Appeals of Indiana-Third District*, (1980) Ind., 406 N.E.2d 244, 246. *See also, State ex rel. Winkler v. Superior Court of Marion County, Room No. 3*, (1967) 248 Ind. 424, 428, 229 N.E.2d 648, wherein we are reminded that the mandamus action does not lie to establish a right or to define and impose a duty. Public officials, boards, and commissions may be mandated to perform ministerial acts when under a clear legal duty to perform such acts. *Knutson v. State ex rel. Seberger*, (1959) 239 Ind. 656, 157 N.E.2d 469.

The question, then, is whether the trustee, upon the issuance of the Commissioners' decision reversing his denial of Hed-

---

1. The trustee cites former Ind.Code 17–2–1–3 as the statutory basis for his right to appeal. This section has been repealed, effective September 1, 1981. Acts 1980, Pub.Law 212, Sec. 10(b). The right to review of Board of County Commissioners' action generally, as in effect at the time the instant action was commenced, was contained in former Ind.Code 17–1–14–24 through –30, also repealed effective September

1, 1981, by Acts 1980, Pub.Law 212, Sec. 10(b). Ind.Code 17–1–14–25 provided that such appeals be taken within 30 days of the date of the decision. *See also, State ex rel. VanBuskirk v. Wayne Township, Marion County*, (1981) Ind. App., 418 N.E.2d 234, 239–40; Rosenberg, *Overseeing the Poor: A Legal-Administrative Analysis of the Indiana Township Assistance System*, 6 Ind.L.Rev. 385, 393 (1973).

rick's application for assistance, was under a clear legal duty to comply therewith, notwithstanding his ostensible right to appeal that decision. We are of the opinion that he was.

■ Ind.Code 12–2–1–18 prescribes the procedure by which a dissatisfied general assistance applicant may appeal the township trustee's action, stating in pertinent part:

"If an applicant for or recipient of township poor relief is not satisfied with the decision of the township trustee as overseer of the poor, he may appeal to the Board of County Commissioners in the county in which the township is located. . . .

\* \* \* \* \* \*

The decision of the Board shall be made as soon as possible after the filing of the appeal but in no event later than ten (10) days after the appeal form is received in the office of the Board. . . . The trustee as overseer of the poor *shall* carry out any decision of the Board to sustain, increase, grant or otherwise modify poor relief." (Our emphasis.)

No provision in the general assistance statute is made for the trustee to appeal the Commissioners' decision.[2] It is apparent that the legislature intends that poor relief disputes are to be promptly resolved. Indeed, Ind.Code 12–2–1–34 states in part:

"The purpose of this act is to provide necessary and prompt relief to the citizens and residents of this state, and this act shall be liberally construed in order that its purposes may be accomplished as equitably and expeditiously as possible."

■ We are of the opinion that upon the issuance of the decision of the Commissioners' the trustee was under a clear legal duty to comply with the order by performing the ministerial act of paying Hedrick's delinquent electric bill. Whatever discretion he may have had in making the initial determination of Hedrick's qualification for

relief is of no matter at this point. Ind. Code 12–2–1–18, *supra*, states that the trustee "shall" carry out the decision of the Commissioners. The term "shall" in a statute is ordinarily to be used in its mandatory sense. *City of Indianapolis v. Ingram*, (1978) Ind.App., 377 N.E.2d 877, 884. We do not think that the stated purpose of the act would be furthered, indeed it would be frustrated, by permitting the trustee to suspend his mandatory duty to comply with the Commissioners' order by electing to appeal it. This court knows too well the protracted nature of the appellate process. The trial court did not err in denying the trustee's motion to dismiss.

*Issue III. Evidence*

The trustee contends the trial court erred in issuing the mandate without hearing any evidence, alleging he could have shown that Hedrick did not have clean hands, that the issuance of the mandate would aid a public fraud, and that no emergency could be shown to exist that would justify the mandate.

The parties stipulated to the fact that the Commissioners determined Hedrick was entitled to poor relief assistance and ordered the trustee to provide it. Additionally, evidence was given at the August 26, 1980, hearing by a representative of the electric company. He stated that while he would not order the disconnection of Hedrick's electric service pending the resolution of this dispute, he was not sure if he had the authority to so bind the electric company. Additionally, he testified as to possible adverse effects of Hedrick's delinquent status short of disconnection that could result, including the requirement of a deposit and the impairment of Hedrick's credit rating. An employee of the trustee's office was called to testify, but Hedrick successfully objected to any testimony regarding her eligibility for poor relief.

---

2. *See* Footnote 1, *supra*, concerning the right to appeal actions of boards of county commission-ers generally.

In *County Department of Public Welfare of Marion County v. City-County Council of Marion County*, (1975) 167 Ind. App. 334, 338, 338 N.E.2d 656, it is stated:

"As a general rule, mandate will not lie against a public body to enforce a claim unless it is based upon a clear legal right or duty involving no discretion."

We have already determined that upon the issuance of the Commissioners' decision, the trustee was under a mandatory duty to act in compliance with the order. We are of the opinion that Hedrick has a corresponding right under the statute to have the payment made.[3] Therefore, the only facts necessary to be shown were the issuance of the Commissioners' order and the failure of the trustee to comply therewith. The former fact was stipulated; the latter was plainly shown by the trustee's attitude in the lower court proceedings. The court properly excluded evidence concerning Hedrick's eligibility for general assistance relief. We further note that the trustee made no offer of proof when Hedrick's objection to that testimony was sustained, and consequently failed to preserve any ground for error. *Elliott v. Roach*, (1980) Ind.App., 409 N.E.2d 661. The trustee's attempt to have the Commissioners' determination reviewed by the mandate court was properly rejected.

## Issue IV. Denial of Stay

The trustee asserts that the trial court erred in denying a motion for stay of execution pending appeal. Unfortunately, we cannot tell to which of two such motions that were denied the trustee is referring.[4] Additionally, the trustee neither cites any authority nor presents cogent argument in support of his contention. Consequently, the issue is waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7); *Krueger v. Bailey*, (1980) Ind.App., 406 N.E.2d 665, 670.

## Issue V. Denial of Jury Trial

The trustee contends the trial court erred in denying his motion for trial by jury, maintaining for the first time in his reply brief that the issue of the existence of an emergency was a question of fact appropriate for resolution by a jury. He supports this argument with no authority.

In *State ex rel. McCalla v. Burnsville Turnpike Company*, (1884) 97 Ind. 416, the court held that if an issue of fact is disclosed by the pleadings in a mandamus action, the issue must be resolved by jury upon the demand of either party. In the instant case, no material issue of fact was shown. As mentioned above, the parties stipulated to the decision of the Commissioners. The trustee's answer was a general denial. The trustee proffers no authority as support for his contention that an emergency must exist before a mandate can properly issue. Therefore, the trial court did not err in denying his motion for a jury trial.

We have been directed to no error requiring reversal in this cause and hereby affirm the trial court's judgment in all respects.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.

---

3. Hedrick argues at length that Hedrick's interest in the payment ordered by the Commissioners is a constitutionally protected property right that cannot be denied her in the absence of due process. We need not reach this contention.

4. The record reveals that the trustee orally moved for a stay at the August 7, 1980, hearing and again moved for a stay on August 11, 1980.