STATE of Indiana ex rel. John B. CURLEY, et al., Relators,

v.

The LAKE CIRCUIT COURT and The Honorable Lorenzo Arredondo, as Judge thereof, Respondents.

No. 45S00–0810–OR–555.

Supreme Court of Indiana.

Oct. 14, 2008.

---

## AMENDED ORDER

An original action has been filed with this Court contesting the jurisdiction of the Lake Circuit Court over a lawsuit similar to one previously filed in Lake Superior Court, Civil Division, No. 2, concerning the operation of so-called "early voting sites," as further described below. Original actions are viewed with disfavor, and we do not grant writs of mandamus and prohibition where there is an adequate remedy through the appellate process. Ind.Original Action Rule 2(E). Article VII, section 4 of the Indiana Constitution, however, authorizes this Court to supervise the jurisdiction of the state's other courts, and we will entertain original actions to resolve jurisdictional conflicts. Ind.Appellate Rule 4(A)(5); Orig.Act.R. 1(A). The conflict in this case between the Superior Court's and the Circuit Court's over the orderly conduct of voting warrants our attention. *State ex rel. Meade v. Marshall Superior Court II*, 644 N.E.2d 87, 88 (Ind.1994).

On October 2, 2008, John B. Curley, as Chairman of the Lake County, Indiana, Republican Central Committee, and as a registered voter, and Jim B. Brown, as a member of the Lake County Board of Elections and Registration and as a registered voter, filed an action in the Lake Superior Court, Civil Division, No. 2, against the Lake County Board of Elections and Registration, and the Honorable Thomas Philpot, not individually but as the Lake County Clerk. We refer to this lawsuit is this order as the "Superior Court Case."

On October 6, 2008, the United Steelworkers District 7; Hammond Teachers Federation Local 394, American Federation of Teachers; Earline Rogers, and Roxanna Luco filed an action in the Lake Circuit Court against the Lake County Board of Elections and Registration. We refer to this lawsuit as the "Circuit Court Case."

The Relators in this original action are the plaintiffs in the Superior Court case. The Respondents in this original action are

the Lake Circuit Court and the Honorable Lorenzo Arredono, as Judge thereof.

After the Superior Court Case was filed on October 2, the Board immediately removed the case to the United States District Court for the Northern District of Indiana. On October 3, the Superior Court entered a temporary restraining order directing the Board not to open early voting sites in East Chicago, Gary, and Hammond. On October 6, the Circuit Court case was filed. On that date, the Circuit Court entered a temporary restraining order directing the Board to open early voting sites in East Chicago, Gary, and Hammond. The second of these temporary restraining orders was, and it appears that the first also was, issued while the matter was pending before the Federal District Court and, as such, were void. On October 13, the Federal District Court remanded the Superior Court Case to the Superior Court. On October 14, the Circuit Court entered a preliminary injunction directing the Board to open early voting sites in East Chicago, Gary, and Hammond.

Indiana Trial Procedure Rule 42(D) was designed to resolve conflicts that arise "[w]hen civil actions involving a common question of law or fact are pending in different courts." Id.

In the ordinary course, Trial Rule 42(D) dictates that:

a party to any of the actions may, by motion, request consolidation of those actions for the purpose of discovery and any pre-trial proceedings.

Such motion may only be filed in the court having jurisdiction of the action with the earliest filing date and the court shall enter an order of consolidation for the purpose of discovery and any pre-trial proceedings unless good cause to the contrary is shown and found by the court to exist. In the event two or more actions have the same earliest filing date, the motion may be filed only in the court having the lowest court identifier number under Administrative Rule 8(B)(1), which court shall be considered as having the action with the earliest filing date.

Upon completion of discovery and any pre-trial proceedings, each case which has been subject to the order of consolidation shall be ordered returned to the court in which it was pending at the time the order of consolidation was made unless, after notice to all parties and a hearing, the court finds that the action involves unusual or complicated issues of fact or law or involves a substantial question of law of great public importance. In the event the court makes such a finding, it may enter an order of consolidation for the purpose of trial.

[T]he right to a change of venue in any action consolidated under this rule shall be suspended during the period of consolidation. Such right shall be reinstated on entry of an order remanding the action to the court in which it was pending at the time of consolidation and the time prescribed for the filing of a motion for change of venue shall be deemed tolled during the period of suspension.

Nothing in this Rule shall restrict the equitable discretion of the court having the earliest filed action to dismiss or stay that action. If such an order is entered, that court shall no longer be considered the court in which is pending the action with the earliest filing date for purposes of this Rule.

*Id.*

Of course, this is not the ordinary course but the principles of this rule basically, first in time—dictate what we believe to be the most orderly approach. Therefore, we

order that the Circuit Court Case be, and hereby is, consolidated with the Superior Court Case in Superior Court and both matters shall proceed before the Superior Court on a consolidated basis. The October 14 preliminary injunction entered by the Circuit Court shall remain in effect pending action, if any, by the Superior Court. This Court expresses no opinion on the merits of any of the issues raised by the parties, including such matters as the validity of the October 14 preliminary injunction, the jurisdiction of the Superior Court over appeals of decisions of the Board, the applicability of the unanimity requirement of IC 3–11–10–26.3, and various constitutional issues.

We note that the parties retain their rights under Trial Rule 76 to a change of judge. Given the need for prompt resolution of the issues presented in this case, the following special procedures shall be followed: (1) the parties shall have until 10:00 a.m. C.D.T. to exercise any right to change of Judge they may have and failure to exercise within this period shall constitute a waiver of the right; (2) if any party exercises the right, the parties shall have until 3:00 p.m. C.D.T. to agree upon a special judge or complete the processes specified by Trial Rule 79; and (3) if no special judge is chosen within that time, the parties shall certify the matter to this Court, which will then select a special judge pursuant to its authority under T.R. 79.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

BOEHM, J., concurs in result.

RUCKER, J., dissents.

BOEHM, Justice, concurring in result.

I agree with Justice Rucker that the requested writ ordinarily should be denied because dismissal under Trial Rule 12(B)(8) is not mandatory. I also agree with the majority that consolidation of these actions requested pursuant to Trial Rule 42(D) is proper and should be granted by the Superior Court, as the first court in which one of these cases was filed. However, no one has requested that relief from this Court. I nevertheless concur in the result reached by the majority because of the urgent need to resolve the issues presented by these parties. Uncertainty will leave voters unclear whether or where they may vote before Election Day. That uncertainty must be eliminated as soon as possible. Leaving two courts with dueling jurisdictional claims is a formula for confusion and delay. I therefore join in the collapsing of procedural steps to expedite resolution of this dispute.

RUCKER, J., dissenting.

I dissent. With the order entered today the majority does something quite unusual and rather remarkable. Specifically it grants relief the parties themselves do not request and does not at all mention the only issue that is properly before us. In its Verified Petition for Emergency Writ of Mandamus and Writ of Prohibition Relators ask the Court to dismiss the lawsuit now pending before Lake Circuit Court Judge Lorenzo Arredondo. This is the only relief requested. And they seek dismissal under a Trial Rule that requires such a remedy where "the same action [is] pending in another state court of this state." Ind. Trial Rule 12(B)(8). But this Rule applies only where the "parties, subject matter, and remedies" of the two actions are either "precisely" or "substantially" the same. *State ex rel Meade v. Marshall Superior Court II*, 644 N.E.2d 87, 89 (Ind.1994). Even if one were to concede that the subject matter and remedies of the two actions at issue here are substantially the same, there can be no

doubt that the parties are significantly different. The captions in the two law suits demonstrate this point. Further, the parties represent very different interests.

Writs of mandamus and prohibition are extraordinary remedies, equitable in nature and viewed with disfavor. *State ex rel. Woodford v. Marion Superior Court,* 655 N.E.2d 63, 65 (Ind.1995). The law is well settled that mandamus does not lie unless the person seeking it has a "clear and unquestioned right to relief," *State ex rel. Gibson General Hospital v. Warrick Circuit Court,* 247 Ind. 240, 214 N.E.2d 655, 657 (1966), and the respondent court failed to "perform a clear, absolute, and imperative duty imposed by law." *State ex rel. City of South Bend v. Court of Appeals* 273 Ind. 551, 406 N.E.2d 244, 246 (1980). Stated only slightly differently, writs of prohibition and mandate will be issued only where the trial court has an absolute duty to act or refrain from acting. *State ex rel. City of New Haven v. Allen Superior Court,* 699 N.E.2d 1134, 1136 (Ind.1998).

It is apparent Relators have no "clear and unquestioned right" to a dismissal of the Circuit Court lawsuit. And as a corollary Judge Arredondo obviously has no "absolute duty" to dismiss the lawsuit. In sum Relators request for the extraordinary remedy should be denied.

It is important to note that Relators have not asked this court for an order consolidating these two cases. More precisely, no petition for writ of mandamus or prohibition has been requested on these grounds. As things now stand the trial court that the majority says should hear this matter, is the same trial court that previously entered a temporary restraining order, which was later vacated by a Federal District Court, prohibiting the Lake County Board of Elections from establishing satellite voting offices. By entering its order *sua sponte,* the majority has foreclosed the opportunity of proper briefing on whether Realtors are even entitled to consolidation and if so which court should assume jurisdiction. I am not at all certain that Judge Arredondo has a "clear, absolute, and imperative duty imposed by law" *City of South Bend,* supra, to grant a Trial Rule 42(D) motion to consolidate. The issue has not been presented to this Court.

I would simply deny the issuance of the writ thus allowing to stand Judge Arredondo's restraining order permitting the existence of satellite voting offices. Any issues concerning consolidation may then be presented to the appropriate court or courts for resolution.