**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 26 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANTS PRO SE:

**LAWRENCE PETERSON**
**FREDRICK EDMOND**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JANINE STECK HUFFMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAWRENCE PETERSON and | ) | |
| FREDRICK EDMOND, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1102-MI-430 |
| | ) | |
| BRUCE LEMMON, *et al* | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-1106-MI-290

**January 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Lawrence Peterson and Fredrick Edmond (collectively, Appellants and/or Inmates), pro se, appeal from the trial court's order granting a Motion to Dismiss Action for Mandate filed by Bruce Lemmon, Commissioner of the Indiana Department of Correction (DOC), and Alan P. Finnan, Superintendent of the Pendleton Correctional Facility (collectively, Appellees). Appellants present one issue for our review: Did the trial court err in dismissing their Action for Mandate for failure to state a claim upon which relief could be granted?

We affirm.

Appellants are both inmates at the Pendleton Correctional Facility located in Madison County, Indiana.[1] On March 4, 2011, Edmond was found guilty by the Disciplinary Hearing Board (DHB) of violating Adult Disciplinary Procedures Code B212 (ADP Code B212) for committing a battery/assault upon another person without a weapon or inflicting serious injury. Due to Edmond's violation of ADP Code B212, Finnan administratively issued a modification of visiting rights limiting Edmond's to non-contact visitation.

On March 7, 2011, the DHB found Peterson guilty of violating ADP Code B235 for fleeing or physically resisting a staff member in the performance of his/her duty. Due to this violation, Peterson's visitation rights were administratively modified to limit his visitors to non-contact visitation.

The Inmates separately filed Offender Grievance Response Reports challenging the administrative discipline imposed as a result of their respective violations of the ADP Code. The Inmates argued that the discipline was in violation of Ind. Code Ann. § 11-11-5-4 (West,

2

Westlaw current through 2011 1st Regular Sess.), which provides that the DOC "may not impose . . . [r]estrictions on . . . visitation" as a disciplinary action. Their grievances were separately denied on the basis that Administrative Procedure #02-01-102 provides that non-contact visits may be imposed as an *administrative action* for a limited number of offenses, which included the offenses for which Peterson and Edmond were found guilty of committing.

Appellants filed an action for mandate in the Madison Superior Court. Appellees filed a motion to dismiss the action for mandate. The trial court issued an order on August 3, 2011, dismissing the Appellants' action for mandate for failure to state a claim upon which relief could be granted. Appellants timely filed a Notice of Appeal on August 19, 2011. On September 20, 2011, the Notice of Completion of Clerk's Record was filed, in which it was noted that there was no transcript to transcribe. Pursuant to the prison mailbox rule, Appellants are deemed to have timely filed their appellate brief on October 20, 2011. The clerk of this court received the Appellants' one-volume appendix on October 25, 2011 and noted that such was mailed on October 21, 2011, i.e., it was filed one day late under the prison mailbox rule. On three separate dates, Appellants requested permission to file a belated appendix, but such requests were all defective for one reason or another. The appellants have thus not properly filed an appendix in this appeal, and we are constrained in our review of the matter to the extent information is not contained in the Appellee's Appendix.

---

[1] We note that Appellants have not filed an appendix in conjunction with their appeal. The facts below are taken from documents included within the Appellee's Appendix filed by the State and the trial court's order, a

Indiana Code Section 34-27-3-1 governs actions for mandate and provides:

An action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer, or person to compel the performance of any:
  (1) act that the law specifically requires; or
  (2) duty resulting from any office, trust, or station.

"An action for mandate, an extraordinary remedy of an equitable nature, is generally viewed with disfavor." *State ex rel. Steinke v. Coriden,* 831 N.E.2d 751, 757 (Ind. Ct. App. 2005), *trans. denied.* "Mandamus does not lie unless the petitioner has a clear and unquestioned right to relief and the respondent has failed to perform a clear, absolute, and imperative duty imposed by law." *Id.* (internal quotations and citations omitted). "'[T]he mandamus action does not lie to establish a right or to define and impose a duty. Public officials, boards, and commissions may be mandated to perform ministerial acts when under a clear legal duty to perform such acts.'" *Perry v. Ballew*, 873 N.E.2d 1068, 1072 (Ind. Ct. App. 2007) (quoting *Perry Twp. v. Hedrick,* 429 N.E.2d 313, 316 (Ind. Ct. App. 1981)).

A motion to dismiss under Ind. Trial Rule 12(B)(6) tests the legal sufficiency of a claim, not the facts supporting it. *Godby v. Whitehead,* 837 N.E.2d 146 (Ind. Ct. App. 2005). On review, we will determine whether the complaint states any allegation upon which relief could be granted. *Vakos v. Travelers Ins.*, 691 N.E.2d 499 (Ind. Ct. App. 1998), *trans. denied*. We will not dismiss a complaint under T.R. 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Id*. We will affirm the grant of a motion to dismiss if it is sustainable on any theory or basis found in the record. *Davidson v. Perron*, 716 N.E.2d 29 (Ind. Ct. App. 1999), *trans. denied*.

---

copy of which is included in the brief of the Appellants.

Although we do not have the complaint before us, it is clear from the Inmates' grievance reports that they are challenging the Appellees' authority to restrict their visitation. In their grievance reports, the Inmates cite Ind. Code Ann. § 11-11-5-4 (West, Westlaw current through 2011 1st Regular Sess.) in support of their claim that their visitation privileges cannot be restricted as a disciplinary action. Specifically, that statute provides:

> The department may not impose the following as disciplinary action:
> * * *
> (4) Restrictions on clothing, bedding, mail, *visitation*, reading and writing materials, or the use of hygienic facilities, except for abuse of these.

*Id.*

The Inmates' argument is based on their erroneous assumption that the restriction on their visitation privileges was imposed as a disciplinary action, which pursuant to I.C. § 11-11-5-4 is impermissible. In response to the Inmates' separate grievance reports, the Inmates were each informed that the restriction to their visitation was an administrative action taken after both inmates were found guilty by the DHB of violating certain provisions of the ADP Code—Edmond for violating ADP Code B235 for fleeing or physically resisting a staff member in the performance of his/her duty and Peterson for violating ADP Code B212 for committing a battery/assault upon another person without a weapon or inflicting serious injury. In both cases, the conduct of the Inmates, i.e., battery or resisting a staff member, provides reasonable grounds to believe that visitation would threaten the security of the facility or program or the safety of individuals. Ind. Code Ann. § 11-11-3-9 (West, Westlaw current through 2011 1st Regular Sess.) provides:

> (a) A person may be prohibited from visiting a confined person, or the visit may be restricted to an extent greater than allowed under section 8 of this

5

chapter, if the department has reasonable grounds to believe that the visit would threaten the security of the facility or program or the safety of individuals.

(b) The department may restrict any person less than eighteen (18) years of age from visiting an offender, if:

    (1) the offender has been:

        (A) convicted of a sex offense under IC 35-42-4; or

        (B) adjudicated delinquent as a result of an act that would be considered a sex offense under IC 35-42-4 if committed by an adult; and

    (2) the victim of the sex offense was less than eighteen (18) years of age at the time of the offense.

(c) If the department prohibits or restricts visitation between a confined person and another person under this section, it shall notify the confined person of that prohibition or restriction. The notice must be in writing and include the reason for the action, the name of the person who made the decision, and the fact that the action may be challenged through the grievance procedure.

(d) The department shall establish written guidelines for implementing this section.

Here, in accordance with this statute, the department established certain guidelines and defined certain offenses as suitable for administrative action restricting visitation of inmates. *See* I.C. § 11-11-3-9 and Administrative Procedure #02-01-102. Further, pursuant to subsection (c) above, the Inmates received written notice of the restriction on visits and the reasons for the restriction, namely, their findings of guilt for violating certain provisions of the ADP Code. The Inmates were also informed that the administrative action could be challenged, which in fact the Inmates chose to do by filing a grievance report. The Inmates were unsuccessful in appealing the restrictions imposed on their visits.

From the limited record before us, it is clear that the Appellees complied with the requirements of I.C. § 11-11-3-9 upon administratively imposing restrictions on the Inmates' visits. The trial court properly dismissed the action for failure to state a claim upon which relief could be granted.

6

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.