STATE EX REL. GIBSON GENERAL HOSPITAL *v.*
WARRICK CIRCUIT COURT ET AL.

[No. 30,631. Filed March 9, 1966.]

*Douglas McDonald* and *McDonald & McDonald,* of Princeton, for relator.

*Robert Fair,* of Princeton, *Nelson Grills,* of Indianapolis, and *Don A. Ashley,* of Boonville, for respondents.

RAKESTRAW, J.—This is an original action filed in this court by the relator, the Gibson General Hospital, against the Warrick Circuit Court and Francis E. Knowles, as Special Judge of the Warrick Circuit Court. The relator requests that a writ of mandate and prohibition be issued out of this court ordering the court below to set aside a ruling on a motion by the relator to dismiss and to expunge from the record the entry denying such motion to dismiss and plea in abatement, and to dismiss the case in the court below where the relator is a defendant.

The action in the court below is a suit for an injunction against the relator to prevent the relator from excluding the plaintiff, an osteopathic physician, from the use of the relator hospital and its facilities.

It would seem helpful in the consideration of this cause to set forth the order of proceedings below. These are as follow:

(1) September 27, 1962, plaintiff files complaint.

(2) November 1, 1962, defendant files motion.

(3) January 17, 1963, defendant files motion for change of venue from the county.

(4) February 28, 1963, defendant's motion overruled.

(5) March 20, 1963, defendant files demurrer.

(6) June 15, 1963, defendant's demurrer overruled.

(7) August 5, 1963, defendant files motion for stay of proceedings.

(8) October 26, 1963, defendant's motion to stay overruled.

(9) October 28, 1963, defendant files motion for change of venue from the judge.

(10) November 7, 1963, Francis E. Knowles appointed Special Judge.

(11) December 17, 1963, defendant files motion to reconsider.

(12) February 27, 1964, defendant's motion to reconsider overruled.

(13) March 31, 1964, defendant files motion to dismiss and plea in abatement.

(14) April 4, 1964, plaintiff files motion to strike defendant's motion to dismiss and plea in abatement.

(15) April 8, 1964, plaintiff's motion to strike overruled.

(16) April 16, 1964, plaintiff files reply to defendant's motion to dismiss and plea in abatement.

(17) May 29, 1964, evidence presented on defendant's motion to dismiss and plea in abatement.

(18) June 26, 1964, defendant's motion to dismiss and plea in abatement overruled.

After this latter ruling, the relator secured the appropriate transcript of the record and initiated this action for mandate and prohibition. At the time this action was begun the court below had entered no injunction, temporary or otherwise, and had entered no judgment on the merits.

The argument of the relator can be summarized as follows: The power of a trial court to grant injunctions is limited to the protection of civil and property rights. The right to practice medicine, or at least the right to practice medicine in a particular hospital, is not a civil or property right, but is a mere "privilege." Therefore, the trial court should not issue an injunction for the enforcement of a "privilege" of practicing medicine in the relator hospital. The relator maintains that the trial court is thus without "jurisdiction" to enter a judgment in this cause, and insists that this court

should enter on order confining the trial court to its "lawful jurisdiction." The relator's idea of the trial court's "lawful jurisdiction" apparently excludes the trial court from any action except to dismiss the case.

A temporary alternative writ was entered by this court on July 21, 1964. The alternative writ ordered the respondent court to expunge the record made on May 29, 1964, overruling the defendant's motion to dismiss and plea in abatement and to dismiss the case for want of jurisdiction, or to file its return on or before August 20, 1964. The court below has filed its return and a brief in support thereof. The relator then filed a reply brief.

It is fundamental that mandate and prohibition are extraordinary remedies, and that they are equitable in nature. Several things follow from this basic nature of mandate and prohibition. It has been held that a person seeking mandate or prohibition must do so as soon as reasonably possible. He cannot, without reason, sit back for a period of months or years and then suddenly seek an immediate writ of mandate or prohibition. *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct.* (1963), 243 Ind. 604, 189 N. E. 2d 421; *State ex rel. Hashfield* v. *Warrick Cir. Ct.* (1961), 242 Ind. 318, 178 N. E. 2d 734; *State ex rel. American Fletcher etc.* v. *Lake S. Ct.* (1961), 242 Ind. 118, 175 N. E. 2d 3.

As a general rule, there must be a clear and unquestioned right to relief before mandate or prohibition can be invoked. The determination of complicated legal issues can be done much more satisfactorily in the appeal process, where there is better opportunity for both sides to be represented, where the trial court need not become a party or an advocate, and where the briefing process is much more conducive to a proper legal determination.

Likewise, it is generally required that in order to be entitled to mandate or prohibition, it must be shown that the

person seeking it has no adequate remedy other than mandate or prohibition. If the process of appeal would serve the parties substantially as well, it should be resorted to. Mandate and prohibition cannot be made substitutes for appeal. *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct., supra; State ex rel. Durham* v. *Marion Circuit Court* (1959), 240 Ind. 132, 162 N. E. 2d 505; *State ex rel. Allison* v. *Crim. Ct. of Mar. Co., etc.* (1958), 238 Ind. 190, 149 N. E. 2d 114; *State ex rel. Sims* v. *Hendricks, C. C. et al.* (1956), 235 Ind. 444, 134 N. E. 2d 211; *State ex rel. Collins* v. *Lake Superior Ct. et al.* (1954), 233 Ind. 536, 121 N. E. 2d 731.

Mandate and prohibition are legitimate actions of which this court has jurisdiction. There are occasions where the use of mandate, prohibition, or both, is necessary. This court, in its sound discretion, can confine lower courts to their appropriate jurisdiction and can require lower courts to perform clear duties. As a general rule, we assume that trial courts will take proper action. The use of mandate and prohibition should be confined by this court to cases of clear and obvious emergency where the failure of this court to act would result in substantial injustice.

Applying these principles to the case at bar, it is obvious that there are several reasons why mandate or prohibition are not proper.

First, it has not been timely sought. The relator submitted to the jurisdiction of the lower court for a period of a year and a half, during which time it took several actions of a dilatory nature. It was only when it had exhausted other possibilities short of going to trial, that the relator sought relief in this court.

In addition, it is not clear that the relator is entitled to the relief sought in this case. The respondent court has general jurisdiction to issue injunctions and adjudicate rights and privileges. It has jurisdiction of the parties. The case involves the interpretation of a statute and the interpretation

of several decisions of this and other courts. Without deciding whether an injunction would be proper, there is room for reasonable difference of opinion. The fact that the court might err does not deprive it of jurisdiction.

In addition, it is difficult to see how there could possibly be any emergency in this matter. There had been no temporary restraining order issued nor has any temporary injunction been asked or issued. The worst that can happen to the relator is that the court below hear the cause on its merits. If the court should grant an injunction, the relator may appeal and we cannot see how the relator will be harmed.

The temporary writ heretofore entered is dissolved and a permanent writ is denied.

Myers, C. J., Arterburn, J. and Jackson, J., concur. Achor, J., not participating.

NOTE.—Reported in 214 N. E. 2d 655.