STATE OF INDIANA, EX REL. DENNIS HEALEY *v.* DEKALB CIRCUIT COURT, WARREN G. SUNDAY, SPECIAL JUDGE.

[No. 471S99. Filed August 23, 1971.]

*Edgar A. Grimm, Grimm & Grimm,* of Auburn, for relator.

*H. Charles Winans,* Prosecuting Attorney, *Grant Van Horne,* Deputy Prosecuting Attorney, of Auburn, for respondent.

DEBRULER, J.—Relator, a seventeen year old, is charged in the DeKalb Circuit Court with possessing and selling marijuana in violation of I.C. 1971, 35-24-1-2, being Burns § 10-3520. Relator filed a motion in the circuit court to dismiss these criminal charges against him. In that motion he claimed that the circuit court did not have jurisdiction over his case because the juvenile court waiver hearing and order which had immediately preceded the filing of these criminal charges in the circuit court were legally defective and erroneous. The circuit court overruled the motion to dismiss. The relator challenges the validity of this ruling in his petition for writ of prohibition in this Court.

The sequence of events in the trial court as set forth in that petition are as follows: On April 15, 1970, a petition for delinquency was filed against relator in the DeKalb Juvenile Court alleging that he possessed and sold marijuana. On April

18, 1970, the juvenile court conducted a waiver hearing at which relator appeared with the same counsel who has continued to represent him throughout this case. The court entered its order waiving juvenile jurisdiction and authorized the filing of criminal charges against the relator in the circuit court. The criminal charges were filed against relator the same day in the DeKalb Circuit Court. It was not until nine months thereafter, on January 28, 1971, that relator filed his motion to dismiss, attacking the jurisdiction of the DeKalb Circuit Court over his case. During the nine months period from the filing of the criminal charges to the filing of the motion to dismiss, the relator took the following actions: (1) filed motion for change of venue from the judge; (2) filed motion to quash the affidavit; (3) filed motion for production of names of State's witnesses and to take discovery deposition of a State witness; (4) entered a plea of not guilty. In addition, during the nine months the trial court had set the case for trial for April 5, 1971.

This Court has, by prior decision, adopted the view that the right to the remedy of mandate or prohibition by way of original action in this Court, may be defeated because of an unreasonable delay or laches in bringing such original actions in this Court. In *State* v. *Dubois Circuit Court* (1968), 250 Ind. 38, 234 N. E. 2d 859, on rehearing this Court held that a twenty months delay in filing a petition to reinstate a case after dismissal was an unreasonable delay in challenging that dismissal and barred review in this Court by way of an original action of an adverse ruling on the petition to reinstate. In *State ex rel. Nineteenth Hole, Inc.* v. *Marion Superior Court* (1963), 243 Ind. 604, 189 N. E. 2d 421, this Court held that a forty-two day delay in filing a petition for an extraordinary writ in this Court challenging the appointment of a receiver without notice, constituted laches under the circumstances, and barred a remedy by original action. In *State ex rel. Gibson General Hospital* v. *Warrick Circuit Court, et al.* (1966), 247 Ind. 240, 214 N. E. 2d 655, a case almost

identical to the case at bar, the defendant-relator had filed a pre-trial motion to dismiss in the trial court for lack of jurisdiction two years after the commencement of the suit. There, during that two year period the relator had filed several motions including motions for change from county, change of judge and a demurrer. In holding that the petition for writs of mandate and prohibition challenging the adverse ruling of the trial court on the motion to dismiss, had not been timely sought, this Court said:

"The relator submitted to the jurisdiction of the lower court for a period of a year and a half during which time it took several actions of a dilatory nature. It was only when it had exhausted other possibilities short of going to trial, that the relator sought relief in this court." 247 Ind. at 244. See also *State ex rel. Hashfield* v. *Warrick Circuit Court, et al.* (1961), 242 Ind. 318, 178 N. E. 2d 734.

So it is the case before us now. The relator had filed the motions outlined above and had entered his plea. On November 23, 1970, following a plea of not guilty, the trial court had entered its order setting the case for trial for April 5, 1971. On January 28, 1971, relator filed his motion to dismiss. The time consumed by the ruling of the trial court and the subsequent petition in this Court effectuated a postponement of the trial.

It is our opinion that the relator has been guilty of laches in the presentation to the trial court of his claim of lack of jurisdiction and that this delay, accompanied as it was with continuous acceptance of trial court jurisdiction, bars the relator from obtaining a review of the legality of the juvenile court waiver hearing through the vehicle of an original action in this Court. Since the allegations of the petition do not make out a case for relief by extraordinary writ, the writ is denied.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 310.