**STATE of Indiana ex rel. Ronald CROSS, Relator,**

**v.**

**LAKE SUPERIOR COURT, CRIMINAL DIVISION, Honorable James L. Clement, Judge of said Court, Honorable James Kimbrough, Senior Judge of Superior Court, Lake County, Criminal Division, Honorable Jack Crawford, Prosecuting Attorney, Lake County, Indiana, Honorable Nicholas Krochta, Clerk of the Superior Court of Lake County, Criminal Division, Respondents.**

No. 679S171.

Supreme Court of Indiana.

Nov. 9, 1979.

Melvin Morris, East Chicago, Nathaniel R. Howse, Chicago, Ill., for relator.

Scott L. King, Deputy Pros. Atty., Crown Point, for respondents.

DeBRULER, Justice.

This is an original action filed by petitioner to prohibit the respondent trial court from exercising further jurisdiction in a criminal action pending against him there. On March 30, 1978, the respondent trial court denied petitioner's motion to dismiss based upon his claim that a trial on the charges would violate his rights secured by the double jeopardy clause of the Fifth Amendment to the United States Constitution. On that same date respondent court

set the case against petitioner for trial on a date certain. Respondent court continued thereafter to exercise jurisdiction over the case, and in April, 1979, three weeks before a trial setting, petitioner tendered this original action to this Court. In legal effect petitioner would have us review the court's ruling on the motion to dismiss and compel it to grant such motion.

■■■ Mandate and prohibition are extraordinary remedies, equitable in nature. Original actions for such remedies in this Court are viewed with extreme disfavor. *State ex rel. Kiritsis v. Marion Probate Court,* (1978) Ind., 381 N.E.2d 1245. In the background of these well-recognized concepts is the realization that appellate remedies are almost always available by way of appeal from jurisdictional excesses by trial courts even though in individual cases those remedies may not be adequate or equitable and that the mere pendency of an original action can disrupt the orderly ongoing proceedings in the trial court. Appurtenant to these considerations is the application of the equitable defense of laches. This Court has often spoken of laches in this context thusly:

> "It has been held that a person seeking mandate or prohibition must do so as soon as reasonably possible. He cannot, without reason, sit back for a period of months or years and then suddenly seek an immediate writ of mandate or prohibition." *State ex rel. Gibson General Hospital v. Warrick Cir. Court,* (1966) 247 Ind. 240, 243, 214 N.E.2d 655, 657.

■■■ In the case before us the ruling of respondent denying the motion to dismiss and setting a trial date was a clear and unequivocal statement to respondent that the double jeopardy claim was rejected and that respondent intended to maintain jurisdiction over the case and put petitioner to trial on the charges. This ruling and setting occurred more than one year before petitioner submitted his request to this Court for a writ. Furthermore, the petition was not presented to this Court until a trial was imminent. Accordingly, we find and adjudge that petitioner did not seek the

writ in this case in a timely manner and we relegate him to his legal remedies by way of appeal.

The writ is denied.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.