**STATE of Indiana on the Relation of David S. PETRY, Petitioner,**

v.

**The MADISON COUNTY SUPERIOR COURT, DIVISION NO. 3, and the Honorable Thomas Newman, Jr., as Judge Thereof, Respondents.**

No. 48S00–9102–OR–89.

Supreme Court of Indiana.

June 24, 1991.

Earl C. Townsend, Jr., Townsend, Yosha & Cline, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen., Gary D. Secrest, Deputy Atty. Gen., Indianapolis, C. Robert Rittman, Sp. Prosecutor, Marion, for respondents.

**PER CURIAM.**

Petitioner David S. Petry asked that this Court issue a writ of mandate directing the Madison Superior Court to discharge him in accordance with Ind. Criminal Rule 4(C). We denied Petry's petition for a writ and now memorialize the reasons for our denial.

Petry was charged in the Madison Superior Court with child molesting on June 4, 1985. The prosecutor sought to present testimony of the victim on videotape in accordance with Ind.Code § 35–37–4–6 (West 1986). The trial court found that the videotaped testimony was not corroborated and denied permission for its use. The State challenged this decision through interlocutory appeal. The Court of Appeals affirmed on June 22, 1988. *State v. Petry* (1988), Ind.App., 524 N.E.2d 1293. The opinion of the Court of Appeals was certified to the trial court on July 26, 1988.

Four months later, on November 17, 1988, Petry filed for discharge under Ind. Crim.R. 4. The trial court denied the motion. Petry sought reconsideration of the decision. He also filed two additional motions for discharge, one on September 6, 1990, and one on November 28, 1990. He also sought three continuances, each of which was granted. The State sought two continuances; the trial court granted both.

Petry contends that the time consumed by the interlocutory appeal is chargeable to the State and that the trial court should have granted his first motion for discharge, filed in 1988. While there is apparent authority to the contrary, *State ex rel. Cox v. Madison Superior Court* (1983), Ind., 445 N.E.2d 1367, our denial of the writ is not

based on the merits of Petry's claim. That claim may still be resolved in the event there is an appeal from a final judgment in the trial court. Instead, we have denied the writ on the basis of laches.

 A request for a writ of mandate or prohibition is an appeal to this Court's supervisory and equitable powers. A litigant must seek such relief as soon as he reasonably can. He cannot wait for months or years before pursuing this remedy. *State ex rel. Gibson General Hospital v. Warrick Circuit Court* (1966), 247 Ind. 240, 243, 214 N.E.2d 655, 657 (eighteen month delay made petition untimely).

 Petry waited twenty-two months after the trial court denied his first motion for discharge before seeking a writ in this Court. We have regarded delays of lesser magnitude as constituting failure to act expeditously. *State ex rel. Gibson General Hospital*, 247 Ind. 240, 214 N.E.2d 655 (eighteen month wait unexpeditious); *State ex rel. Cross v. Lake Superior Court* (1979), 272 Ind. 141, 396 N.E.2d 125 (request for writ untimely after wait of one year); *State ex rel. Nineteenth Hole, Inc. v. Marion Superior Court* (1963), 243 Ind. 604, 189 N.E.2d 421 (forty-two day delay excessive under the circumstances).

Because Petry did not act expeditiously in seeking the extraordinary relief which the issuance of a writ represents, his petition is denied.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.

DICKSON, J., dissents and votes to grant the writ.