**STATE of Indiana ex rel. Sandra S. KAUFMAN, relator,**

v.

**THE LAKE CIRCUIT COURT, et al., respondents.**

**No. 45S00–0203–OR–186.**

Supreme Court of Indiana.

May 23, 2002.

## PUBLISHED ORDER

This matter has been pending before the Court on Relator's Petition for Writ of Mandamus and Writ of Prohibition. The Court has reviewed the petition and other application papers filed by Relator, as well as the responses and other materials filed in this proceeding. The Court has also met in conference and discussed this matter.

Relator asserts that the Circuit Court had a duty to prohibit J. Douglas Angel, the court's "coordinator," from appearing as counsel in that court and then moving for a change of judge to avoid any appearance of impropriety or undue influ-

ence. Relator relies in part upon Indiana Commission on Judicial Qualifications Advisory Opinion # 1–00 (Nov. 22, 2000). The advisory opinion addresses the rule that prohibits continuing and periodic part-time judges from practicing in the courts on which they serve, a rule that is set out in the Indiana Code of Judicial Conduct, Application Sections (C)(2) and (D)(2). The opinion states that a continuing or periodic part-time judge may not enter an appearance or file any pleading in the court on which the judge serves, even to take a change of judge or to file a notice of appeal from that court. This Court agrees with that part of the advisory opinion.

■■■ Anyone who is an officer of a judicial system and who performs judicial functions is a judge within the meaning of the Indiana Code of Judicial Conduct. *See* Ind.Code of Judicial Conduct, Application Section (A). It is not clear from this record whether Angel in fact performed judicial functions while serving as court "coordinator," but it appears likely that at least some judicial functions were performed. In any event, it is problematic when a court employee—performing judicial functions or not—appears in the court that employs him and then moves for a change of judge long after his client's right to an automatic change of judge expired under Indiana Trial Rule 76. A court employee's appearance as counsel in that court creates an appearance of impropriety or undue influence, and the employee should not appear.

■■■ Notwithstanding the above, this Court decides that Relator's petition should be denied based on a separate consideration. A relator seeking a writ of mandamus or prohibition must do so "expeditiously after the jurisdiction of the respondent court became an issue[.]" Ind. Original Action Rule 3(A); *see State ex rel.*

*Petry v. Madison County Superior Court, Div. No. 3*, 573 N.E.2d 884, 885 (Ind.1991). Here, the Circuit Court's order allowing Angel to appear and its order granting the change of judge were issued on June 20, 2001. The Superior Court's order denying Relator's motion to reconsider and her request for interlocutory appeal were denied during a hearing on September 21, 2001. Measured from either of these two dates, Relator's delay until March 19, 2002, in seeking the writ was not expeditious.

Accordingly, because the Relator has failed to demonstrate that she acted expeditiously in seeking a writ, the Court DENIES her petition. The parties are reminded that no petitions for rehearing or motions to reconsider may be filed. *See* Orig. Act. R. 5(C).

All Justices concur.