RELATOR PRO SE
Kurt M. Hoffman
Fort Wayne, Indiana

ATTORNEY FOR RESPONDENTS
Daniel J. Borgmann
Helmke Beams LLP
Fort Wayne, Indiana

# In the
# Indiana Supreme Court

No. 02S00-0704-OR-161

STATE OF INDIANA *EX REL* KURT M. HOFFMAN        *Relator,*

v.

THE ALLEN CIRCUIT COURT,
THERESE M. BROWN, AS CLERK THEREOF, AND
THE HON. CRAIG J. BOBAY, AS JUDGE THEREOF,       *Respondents.*

Original Action

June 22, 2007

**Dickson, Justice**

By a summary order indicating that an explanatory opinion would follow, this Court on May 15, 2007, denied the relator's petition for a writ of mandamus. The relator had challenged under Indiana Trial Rule 53.2(A) the failure of the Clerk of the Allen Circuit Court to withdraw a cause from the respondent judge for failure to rule within ninety days.

Under Rule 53.2, "[w]henever a cause . . . has been tried to the court and taken under advisement by the judge, and the judge fails to determine any issue of law or fact within ninety (90) days," upon the request of an interested party, the Clerk of the court must withdraw submission of all pending issues from the judge and seek appointment of a special judge by the Indiana Su-

preme Court. T.R. 53.2(A). There are two exceptions to this time limitation, the first of which is applicable where "[t]he parties who have appeared or their counsel stipulate or agree on record that the time limitation for decision set forth in this rule shall not apply." T.R. 53.2(B)(1).

In the underlying case, In re Paternity of G.A.D.H., No. 02C01-0410-JP-64, a trial was held and concluded on December 14, 2006. At its conclusion, in an order dated January 2, 2007, Magistrate Craig Bobay, who had presided over the trial, stated:

> On the court's order, the proposed Findings of Fact and Conclusions of Law are not due to be filed until January 26, 2007. The time within which the Court is to rule on the issues shall not begin to run until said Findings of Fact and Conclusions of Law are filed unless either party files an objection to this order within five (5) days.

R. at 21. On January 25, 2007, and again on February 5, 2007, the parties filed agreed stipulations to extend the time for filing proposed findings and conclusions. Each stipulation was accepted by Allen Circuit Judge Thomas Felts. The alleged father in the paternity action filed his proposed findings and conclusions on February 8. The mother sought and received additional time, filing her proposed findings and conclusions on March 8, 2007. On March 15, 2007, the ninety-first day after the trial concluded, counsel for the alleged father filed his praecipe under Rule 53.2, seeking removal of the case from the judge and appointment of a special judge. Four days later, the trial court, in a final judgment signed by both Magistrate Bobay and Judge Felts, granted sole legal custody to the mother, established parenting time for the father, and ordered child support. In a subsequent entry dated March 26, 2007, the Clerk provided notice of her decision not to withdraw the case, explaining that the father's failure "to object and the multiple requests for extension of time may be deemed to be an agreement as to the Court's delay" and that the remedy of removal from the judge would not be equitable. R. at 33.

Responding to the relator's request for a writ, the respondents emphasize Judge Bobay's order of January 2, which declared *sua sponte* that the court's time within which to rule would not begin to run until the proposed findings and conclusions were filed "unless either party files an objection to this order within five (5) days." R. at 21. They argue that both parties accepted the benefit of this order and that, by failing to file an objection within the five-day period, the relator established his agreement for the record to such extension under the Rule 53.2(B)(1) exception.

2

This court has not previously addressed such an order presuming agreement absent objection. In the present case, neither party responded to the order by presenting any objections. And both parties agreed to two extensions of time for the filing of proposed findings and conclusions. We have held that, absent the parties' contrary stipulation or agreement on the record, a trial court's invitation or directive to file proposed findings and conclusions within a certain time limit does not operate to invoke the exception in Rule 53.2(B)(1). State ex rel. Koppe v. Cass Circuit Court, 723 N.E.2d 866, 868 (Ind. 2000). But the facts in Koppe did not include any counterpart to the present order presuming agreement absent objection. The writ of mandamus is an extraordinary remedy, equitable in nature, and viewed with disfavor. State ex rel. Woodford v. Marion Superior Court, 655 N.E.2d 63, 65 (Ind. 1995). Considering the unique circumstances of the present case, we declined to grant the requested writ.

But we take this opportunity to disapprove future use of devices such as the order presuming agreement absent objection to extend a court's time for ruling. To provide guidance to the bench and bar, we hold that a trial court may not avoid its obligation to make timely decisions by issuing such an order presuming agreement to extend the time absent objection from the parties. The exception provided in the rule means exactly what it says. It applies only where the parties "stipulate or agree on record that the time limitation for decision set forth in this rule shall not apply." T.R. 53.2(B)(1). The failure of parties to object to a judicial declaration presuming their agreement does not satisfy this requirement that they stipulate or agree on the record. Henceforth, a fact pattern analogous to that presented today will require withdrawal from the trial court and appointment of a special judge by this Court. The ninety-day requirement for judicial action operates irrespective of whether proposed findings and conclusions are contemplated. Receiving proposed findings of fact and conclusions of law from the respective parties may be a judicial convenience, but it is not a necessity to a court's decision-making function.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

3