STATE of Indiana ex rel. Bruce SEAL, Relator,

v.

The MADISON SUPERIOR COURT NO. 3 and The Honorable Dennis D. Carroll, as Special Judge, Respondents.

No. 48S00–0907–OR–324.

Supreme Court of Indiana.

July 16, 2009.

---

## ORDER

SULLIVAN, Acting Chief Justice.

Relator, by counsel, has filed a verified petition for writ of mandamus under the rules governing original actions. Relator seeks a writ that would require the Hon. Dennis D. Carroll to grant his motion for change of judge and name a panel of three judges for striking and selection of a new special judge.

The record shows that on April 23, 2009, Relator filed a "Motion for Regular Judge to Recuse Himself" in the domestic relations case pending below. Relator's motion alleged that he had sought to remove the case from the trial court and its regular judge (the Hon. Thomas Newman, Jr.), that this Court denied his petition for writ of mandamus, *see State ex rel. Bruce Seal v. Madison Super. Ct. No. 3*, No. 48S00–0901–OR–32, —— N.E.2d —— (Ind. March 6, 2009) (order), and that Relator consequently believed that he would not receive a fair, impartial trial before Judge Newman.

On April 28, 2009, Judge Newman recused and "order[ed] the Madison County Clerk to select a successor judge with similar jurisdiction." (R. 13.) Copies of the order were directed to each party's counsel. (*Id.*) (Under Trial Rule 79(C), in such circumstances a special judge is to be selected in accordance with sections (D), (E), and (H) of Trial Rule 79. Sections (D) and (E) require agreement of the parties. Section (H) provides for appointment by

local rule if there is no agreement. Madison County's Local Rule 48–TR79–20, as approved by this Court, sets forth a procedure to be administered by the clerk if the procedures specified in Sections (D) and (E) fail to produce a special judge.) Approximately three weeks later, on May 20, 2009, the clerk made an entry announcing that the Hon. Fredrick Spencer was selected as Special Judge. (R. 14.) The clerk gave notice to counsel and Judge Spencer. (*Id.*) That same day, Relator acknowledged that the case had been assigned to Judge Spencer, and Relator filed an unverified motion for change of judge, arguing that he was entitled to a change of judge under Trial Rule 76(C).

On May 26, 2009, the clerk issued a letter announcing that Judge Spencer had declined the appointment as Special Judge. (Under Trial Rule 79(H), a judge may not "decline" appointment as a special judge unless the judge is disqualified from serving pursuant to the Code of Judicial Conduct, ineligible for service under Trial Rule 79, or excused from service by this Court. No question is raised as to whether it was proper for Judge Spencer to decline appointment and we assume that his decision to do so was on one of the grounds set forth in the rule.) The clerk then made an entry announcing that Judge Carroll had been selected to serve as Special Judge. (R. 16.) On June 1, 2009, Relator acknowledged Special Judge Carroll's appointment and filed a "Request for Ruling," noting he had filed a motion for change of judge. (R. 17.) On June 3, 2009, Special Judge Carroll issued an order denying Relator's motion for change of judge.

■ The writ of mandamus is an extraordinary remedy, equitable in nature and viewed with disfavor. *State ex rel. Woodford v. Marion Super. Ct.,* 655 N.E.2d 63, 65 (Ind.1995). A writ of mandamus will not issue unless the relator has a clear and unquestioned right to relief and the respondents have failed to perform a clear, absolute, and imperative duty imposed by law. *Id.*

■ Relator fails to make such a showing here. Relator complains about selection of the Special Judge by the clerk, which Relator calls inconsistent with the procedures in Trial Rule 79, but Relator did not promptly object or request any alternative selection procedure when Judge Newman directed that the clerk select a Special Judge. *See Bivins v. State,* 485 N.E.2d 89, 92 (Ind.1985) (holding that party who did not object to irregularity in the appointment of a special judge waived his objection to the irregularity); *Rodgers v. Rodgers,* 503 N.E.2d 1255 (Ind. Ct.App.1987) (same). Furthermore, to the extent that Judge Newman did not reference the provisions of Trial Rule 79(D) and (E) in his order, the parties still had the full period of time provided to agree before the clerk invoked the provisions of the local rule.

■ Apart from the Trial Rule 79 issues, however, the disposition of this writ is governed by Trial Rule 76. Although Trial Rule 76(B) and (C) provide the right to an "automatic" change of judge upon the filing of a *timely,* unverified motion, Relator fails to identify any part of Trial Rule 76(C) under which his motion qualifies as timely.

Because Relator seeks an unquestionably inappropriate remedy under the rules and law governing writs of mandamus and prohibition, this original action is DISMISSED. *See* Ind. Original Action Rule 2(D). Petitions for rehearing or motions to reconsider are not allowed. Orig. Act. R. 5(C).